# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREA BROOKS, ) | |
| ) | Case No.: 4:20-CV-40148-DHH |
| Plaintiff ) | |
| ) | |
| v.     ) | |
| ) | |
| CYNTHIA P. GILMAN, ESQUIRE, ) | |
| ETAL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER/OBJECTION AND MOTION TO DISMISS

NOW COMES Cynthia P. Gilman, Esquire, Pro Se Co-Defendant in the above case, who submits the following Answer/Objection and Motion to Dismiss the Complaint filed by Plaintiff, stating as follows:

## ANSWER/OBJECTION

1. This Complaint arises from circumstances surrounding a parenting matter brought before the 9th Circuit-Family Division-Merrimack, New Hampshire involving the parental rights and responsibilities of the Plaintiff and Co-Defendant, William A. D'Errico, Jr.

2. That I was counsel of record for William A. D'Errico, Jr., during certain proceedings brought before the 9th Circuit-Family Division-Merrimack, during which certain evidence was presented to impute income to the Plaintiff, Andrea Brooks, for the purpose of a child support award.

3. That any and all evidence presented to the 9th Circuit-Family Division-Merrimack of Plaintiff's "earnings" were items voluntarily promoted by Plaintiff, Andrea Brooks, on various internet platforms.

4. Plaintiff, Andrea Brooks, throughout the course of the proceedings before the 9th Circuit-Family Division-Merrimack, while under oath, it is undersigned counsel's recollection that she adamantly denied that she engaged in the services of sex. However, in the within proceedings, she willingly, knowingly and voluntarily offers testimonial evidence that her chosen profession was that of a sex worker. In light of said testimonial evidence as presented in her complaint, on its surface, Plaintiff, Andrea Brooks, admits having perjured herself before the 9th Circuit-Family Division-Merrimack.

5. Plaintiff, Andrea Brooks, in her Complaint, relies upon the Thirteenth Amendment to the United States Constitution and New Hampshire RSA 633:7, both of which reference "involuntary servitude" or ". . . . knowingly compel a person against his or her will to perform a service or labor, including a commercial sex act or a sexually-explicit performance, for the benefit of another . . ."

However, as set forth in paragraph 4 above, Plaintiff, Andrea Brooks, in her own filing, admits by way of testimonial evidence as set forth in her Complaint that she "started working as a sex worker through online ads in 2013".

6. That one cannot be accused of violating another's rights under the Thirteenth Amendment to the United States Constitution and New Hampshire RSA 633:7, if that person admittedly engaged in the activities under his or her own free will. Accordingly, Defendant, Cynthia P. Gilman, Esquire objects to the relief sought.

7. Plaintiff, Andrea Brooks, has failed to raise any viable claims of victimization under the Thirteenth Amendment to the United States Constitution, nor New Hampshire RSA 633:7.

8. Plaintiff, Andrea Brooks, has further failed to raise any viable claims that Defendant, Cynthia P. Gilman, Esquire used force, fraud or coercion to recruit, harbor, transport or obtain a person for the purposes of sexual or labor exploitation and that she has failed to present any evidence that Cynthia P. Gilman, Esquire acted with malice.

## MOTION TO DISMISS

9. A complaint must allege a plausible entitlement to relief in order to survive a motion to dismiss. See ACA Fin. Guar. Corp. v. Advest., Inc., 512 F.3d 46, 59 (1st Cir. 2008). Dismissal for failure to state a claim is appropriate if the complaint fails to include factual allegations, either direct or inferential, regarding each material element under an actionable legal theory. See Gagliadi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

10. A Motion to dismiss is governed by Fed.R.Civ.P. 12. Under the motion to dismiss standard, the Court will assume the truth of all well-pleaded facts in the complaint and make all reasonable inferences in favor of the plaintiff. See Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008). The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. See Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id. at 1950 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)).

11. The First Circuit's approach to the plausibility standard has been usefully distilled as follows:

[T]o determine whether the factual allegations in the complaint are sufficient to survive a motion to dismiss the Court "employ[s] a two-pronged approach: 'The first prong is to identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory.' 'A plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. The second prong is to assess whether the factual allegations 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' If they do, 'the claim has facial plausibility.' 'The make or break standard … is that the combined allegations, taken as true, must state a plausible, not merely a conceivable, case for relief.'
Juarez v. Bank Nat'l Ass'n., Trustee, 2011 WL 5334065 *2 (D. Mass. 2011) (citations omitted).

12. Plaintiff has not stated a plausible claim and/or entitlement for relief against Co-Defendant, Cynthia P. Gilman, Esquire, accordingly, said Complaint shall be dismissed as to said Co-Defendant.

WHEREFORE Pro Se Co-Defendant, Cynthia P. Gilman, Esquire requests the following relief:

A. Dismiss Plaintiff's Complaint as to Pro Se Co-Defendant, Cynthia P. Gilman, Esquire

B. Award such other relief as is just and equitable.

Respectfully submitted,

Dated: December 21, 2020

_____
Cynthia P. Gilman. Esquire, Pro Se Co-Defendant
The Law Offices of Cynthia P. Gilman, PLLC
38 W. Brook St.
Manchester, NH 03101
(603) 623-1222

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT THIS Answer/Objection and Motion to Dismiss was served on the following persons on this date and in the manner specified herein:

Via first class mail:

Andrea Brooks, Plaintiff, 96 Old County Road, Winchendon, MA 01475

William D'Errico, Jr. 13 Mobile Coach Lane, Mont Vernon, NH 03057
Lisa D'Errico, 13 Mobile Coach Lane, Mont Vernon, NH 03057

Karen Delaney a/k/a Karen D'Errico, 4 Bridge Street, Bedford, MA 01730
Gerald Thomas Delaney, 4 Bridge Street, Bedford, MA 01730

Alice Spelas Love; Susan B. Carbon; Lauren Thorn; Mark S. Derby; Julie Introcaso and Michael Ryan, c/o New Hampshire Department of Justice, Office of Attorney General, 33 Capital Street, Concord, NH 03301

Metropolitan Security Services Inc., d/b/a, Walden Security, 100 East Tenth Street, Suite 400, Chattanooga, TN 37402.

Dated: December 21, 2020

_____
Cynthia P. Gilman, Esq., Pro Se ~~Co-Defendant~~