IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MASSACHUSETTS

FILED
IN CLERKS OFFICE

2020 DEC 22 AM 9: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

Andrea Brooks

    plaintiff

  v

William Albert D'Errico, Jr., et al

    defendant

Civil Action No:

4:20-CV-40148-DHH

## MOTION TO DISMISS

COMES NOW Defendants Gerald Thomas Delaney and Karen R. Delaney (aka Karen D'Errico), proceeding PRO SE in this matter, move to dismiss the Plaintiff's 34th, 47th, and 48th Claims for Relief in the Complaint (#Case No. 4:20-cv-40148-DHH) for:

(1) Failure to comply with FED. R. Civ. P. 10(b);

(2) Failure to comply with FED. R. CIV. P. 11(b)(2);

(3) Failure to comply with FED. R. CIV. P. 11(b)(3);

(4) Failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6);

## INTRODUCTION

The Plaintiff asserts numerous allegations against Defendants Gerald Thomas Delaney (Gerald Delaney) and Karen R. Delaney (Karen Delaney) but offers no information to support said allegations and thus the pleading is insufficient because all it does is recite conclusions but offers no facts or theories to substantiate such claims.

The Defendants have known, or known of, the Plaintiff for just over 10 years, i.e. shortly before their grandson (the Plaintiff is the birth mother) was born. In that time Gerald Delaney has spoken to the Plaintiff approximately 6 times and on each occasion the discourse was casual polite conversation such as "hello, how are you?". During that same time frame Karen Delaney, has spoken to the Plaintiff approximately 12 times and on each occasion the discourse was casual polite conversation such as "hello, how are you?" or , "how are the children?". On one of

these occasions at the NH Family Court, Gerald Delaney asked if it would be permissible for Karen Delaney to briefly speak to one of the Plaintiff's daughters who was present in the courthouse. Permission was granted by the Plaintiff and Karen Delaney briefly spoke to the daughter about how she was doing in school, that she had grown quite a bit since last seen, etc. These brief encounters of polite conversation constitute the entire universe of interaction between the Defendants and the Plaintiff.

The Plaintiff alleges in Claim #47 that the Defendants "Gerald and Karen helped William and Lisa pay their attorney, Cynthia Gilman." The allegation, if true, is not a violation of any state law, federal law, or legal principle and has no relevance to this case or any other.

The Cause of Action listed in the Complaint is Sex Trafficking & Conspiracy to Deprive Rights. However, the Complaint does not include any statement or any factual allegation that would support such an Claim but does include numerous irrelevant diversions into the details of the Plaintiff's on again-off again custody and child support fight.

The Complaint lists 12 different defendants and alleges 11 different issues that the Plaintiff feels rise to the level of action to be included in this Complaint (1) whether or not the allegations are actual violations of law or (2) whether or not the allegations are listed in the formal Complaint or (3) whether or not the allegations are violations of the alleged laws cited in the Plaintiffs Complaint. Of the these allegations: 2 defendants are accused of 4 violations each, 3 other defendants are accused of 3 violations each, 5 other defendants are accused of 2 violations each, 1 defendant is accused of 1 violation, and 1 defendant is not accused of any violation. The complexity of cross complaints and intermingling of alleged 1st Amendment, 13th Amendment, 14th Amendment, sex trafficking, human trafficking, deprivation of rights, conspiracy, failure to protect, racial bias, corruption, incompetence, unfair treatment and child custody issues in most Claims in the Complaint violates the requirement of FED. R. CIV. P. Rule 10(b).

## FACTS

(i) Claim #34 alleges, in addition to other non related allegations, that Gerald Thomas Delaney and Karen R. Delaney "conspired with William D'Errico and Lisa D'Errico to deprive me [the Plaintiff] of my [the Plaintiff] rights."

(ii)  Claim #34 alleges, in addition to other non related allegations, that Gerald Thomas Delaney and Karen R. Delaney conspired with William D'Errico and Lisa D'Errico "..to violate my [the Plaintiff's] parental rights…"

(iii) Claim #34 alleges, in addition to other non related allegations, that Gerald Thomas Delaney and Karen R. Delaney conspired with William D'Errico and Lisa D'Errico "..to force me [the Plaintiff] into sexual slavery…"

(iv) Claim #47 alleges, in addition to other non related allegations, that Defendants Gerald Thomas Delaney and Karen R. Delaney conspired with Defendants William D'Errico Jr and Lisa D'Errico to "..deprive me [the Plaintiff] of my [the Plaintiff's] rights…

(v) Claim #47 alleges, in addition to other non related allegations, that Defendants Gerald Thomas Delaney and Karen R. Delaney conspired with Defendants William D'Errico Jr and Lisa D'Errico to "…force me [the Plaintiff] into sexual slavery.

(vi)   Claim #47 alleges, in addition to other non related allegations, that Defendants Gerald Delaney and Karen Delaney helped William [D'Errico] and Lisa [D'Errico] pay their attorney

(vii)  Claim #48 alleges that Defendants Gerald Delaney and Karen Delaney were "...willing conspirators in intentionally inflicting emotional distress on my [the Plaintiff's] son and me [the Plaintiff]."

## ARGUMENT

A   (1) Claim #34 alleges conspiracy to "..violate my parental rights..." between Defendants Gerald Delaney and Karen Delaney and Defendants William D'Errico Jr. and Lisa D'Errico. Per FED. R. CIV. P. 11(b)(3), the Complaint should make clear that the defendant violated the law, not just that it is possible that defendant violated the law. This entire Complaint contains unsupported allegations only. The complaint must do much more than this. Specifically, a factual basis for the claim must be established by the complaint, the complaint must also include details about how the defendant was complicit, and how this complicity is relevant to the plaintiff's Claim for Damages, i.e.

"the doctrine of plausibility". [Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic v. Twombly, 550 U.S. 544 (2007)].

(2) Claim #34 contains an allegation of conspiracy to "..violate my parental rights..." The issue of parental rights is not contained in the cause for action and therefore barred from a claim for damages per FED. R. CIV. P. 12(b) 6, Failure to state a claim upon which relief can be granted.

(3) Claim #34 alleges conspiracy to "...force me [the Plaintiff] into sexual slavery...". Per FED. R. CIV. P. 11(b)(3), the Complaint should make clear that the defendant violated the law, not just that it is possible that defendant violated the law. This entire Complaint contains unsupported allegations only. Per Rule 11(b)(3) the complaint must do much more than this. Specifically, a factual basis for the claim must be established by the complaint, the complaint must also include details about how the defendant was complicit, and how this complicity is relevant to the plaintiff's Claim for Damages, i.e. "the doctrine of plausibility". [id]

(4) Claim #34 alleges conspiracy; (1) "to deprive me [the Plaintiff] of my [the Plaintiff's] rights, (2) to violate my [the Plaintiff's] parental rights, and (3) "force me [the Plaintiff] into sexual slavery". This claim contains three (3) separate criminal allegations but does not contain any statement which would give rise to an expectation of a common basis among the three allegations. This claim is a violation of FED. R. CIV. P. 10(b), which requires that pleadings consist of numbered paragraphs, each containing a single, concise claim.

B    In Claim #34 and again in Claim #47 the Plaintiff alleges conspiracy without offering any facts that would support such an allegation. Conspiracy is defined as an agreement between two or more people to commit an illegal act, along with intent to achieve the agreement's goal. Most U.S. jurisdictions also require an overt act toward furthering the agreement.
[Whitfield v. United States, 453 U.S. 209 (2005).]
Knowledge of an illegal act does not constitute agreement in any context and, in particular, cannot be ascribed as an agreement to commit an illegal act. An agreement is defined as a meeting of minds with the understanding and acceptance of reciprocal legal rights and

duties as to particular actions or obligations, which the parties intend to exchange; a mutual assent to do or refrain from doing something; a contract.

[West's Encyclopedia of American Law, edition 2. (2008)]

No statement, fact, evidence or reference is provided anywhere in the Complaint to any agreement between any of the defendants. Both Claim #34 and Claim #47 fail to satisfy the requirements of FED. R. CIV. P. 12(b) 6., Failure to state a claim upon which relief can be granted.

C   At the root of the most serious crimes alleged in this Complaint, sexual slavery, sex trafficking and human trafficking, lays the concept of control. The notion of slavery in the United States has expanded to include any situation in which one person controls the life, liberty, and fortune of another person. However, knowledge that a person willfully engages in illegal activity does not under any circumstance constitute control by the knowledgeable person. In this matter the Plaintiff willingly participates in illegal sex for money as admitted in Claim #49. As the Plaintiff is a college educated person, the Court could reasonably assume that the Plaintiff understands the difference between knowledge-of-a-situation versus control-of-a-situation. Therefore, Defendants Gerald Delaney and Karen Delaney take the position that;

(1) if the Plaintiff is not mentally deficient, (2) but is an admitted perjurer (Claim #49), then, (3) given the complete lack of support or factual evidence for the claims made in this Complaint, the Plaintiff has advanced these allegations in a frivolous manner in order to draw attention to her [the Plaintiff's] dissatisfaction with the numerous previous rulings adverse to the Plaintiff's position in her long running, on again-off again, custody and child support fight and thus should be dismissed in that it fails to achieve the requirements of FED. R. CIV. P. 12(b)(3).

[US Court of Appeals For the Seventh Circuit No. 08-3675 COONEY v ROSSITER - This case... ...may be paranoid pro se litigation, arising out of a bitter custody fight and alleging, as it does, a vast, encompassing conspiracy; and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility]

D   (1) Sex trafficking is the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act, in which the commercial sex act is induced by <u>force</u>, <u>fraud</u>, or <u>coercion</u>... [22 USC § 7102] {emphasis added}.

(2) Human trafficking is the recruitment, transportation, transfer, harboring, or receipt of persons by improper means (such as <u>force</u>, <u>abduction</u>, <u>fraud</u>, or <u>coercion</u>… [dhs.gov] {emphasis added}.

(3) Sexual slavery is a particular form of enslavement which includes limitations on one's autonomy, freedom of movement and power to decide matters relating to one's sexual activity. Thus, the crime also includes <u>forced</u> marriages, domestic servitude or other <u>forced</u> labor that ultimately involves <u>forced</u> sexual activity.
[American Heritage® Dictionary of the English Language, Fifth Edition. (2011)]{emphasis added}.

(4) As evidenced by the preceding, the concept of force is absolutely integral to the definitions of each of these crimes yet there are absolutely NO allegations of control, force or intimidation in the Plaintiff's entire Complaint.

(5) Absent any allegation of force or intimidation with respect to the most serious crimes alleged in this Complaint and given that a reasonably well educated Plaintiff has put forth the notion that the

knowledge of an illegal act equates to control of that act, this Complaint must be construed as an act of frivolous use of the courts resources and a malicious attack on the Defendants named in the Complaint. [The plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929].

E    FED. R. CIV. P. Rule 11(b) states, "By presenting to the court a pleading, written motion, or other paper... an... unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:". The Complaint contains neither evidence nor statement of fact that would indicate any investigation or inquiry in either the conduct of the Defendants or the applicable law and thus the Complaint fails to comply with FED. R. CIV. P. Rule 11(b).

## CONCLUSION

The Defendants respectfully request that for the foregoing reasons the Defendants' Motion to Dismiss should be granted and the 34th, 47th, and 48th Claims should be dismissed.

The Defendants further request that given the heinous nature of the allegations in the Complaint and the complete lack of supporting data and the completely implausible nature of the Complaint that the Motion to Dismiss be issued WITH PREJUDICE.

Furthermore, in light of the 30 or more times that this Plaintiff has filed litigation, motions, custody pleadings, etc, against members of our family, the Defendants request that the court find the Plaintiff to be a vexatious litigant and, thus the Defendants are entitled to protection from further litigation by this Plaintiff unless such new or continuing litigation has been approved pre filing by a sitting judge of this honorable court.

Respectfully submitted this 21st day of December, 2020

_Gerald Thomas Delaney_
Gerald Thomas Delaney
4 Bridge St
Bedford, MA 01730
Tel: 781.275.1709
Email: gtdelaney@gmail.com

_Karen R. Delaney_
Karen R. Delaney
4 Bridge St
Bedford, MA 01730
Tel: 781.275.1709
Email: gtdelaney@gmail.com