UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREA BROOKS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM ALBERT D'ERRICO JR., et al.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 4:20-cv-40148-DHH |

## **WALDEN SECURITY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Metropolitan Security Services, Inc., d/b/a Walden Security ("Walden Security") through counsel and pursuant to Fed. R. Civil P. 12(b)(6), moves this honorable Court to dismiss all claims filed against it by Plaintiff for failure to state a claim upon which relief can be granted.  In support thereof, Walden Security states the following:

　　　　I.　　At the time of the alleged action or inaction by Walden, Plaintiff alleges that she was a participant in a courtroom hearing in New Hampshire Family Court in Merrimack, New Hampshire.

　　　　II.　　Plaintiff's Complaint contains a number of claims against various named defendants, including judges and court personnel.  But, on its face, Plaintiff's claims against Walden Security seem to be negligent infliction of emotional distress, intentional infliction of emotional distress, negligent failure to protect and deprivation of the Plaintiff's First Amendment rights and discrimination.

　　　　III.　　As to negligent infliction of emotional distress, Plaintiff must prove the following: 1) negligence; 2) emotional distress; 3) causation; 4) physical harm manifested by objective

symptomatology; and 5) that a reasonable person would have suffered emotional distress under the circumstances of the case: Plaintiff's Complaint is void of any facts to support her claim.

IV. Similarly, Plaintiff has not successfully pleaded a claim of intentional infliction of emotional distress because she has not shown: 1) that defendant intended, knew, or should have known that his conduct would cause emotional distress; 2) that the conduct was extreme and outrageous; 3) that the conduct caused emotional distress; and 4) that the emotional distress was severe.

V. Plaintiff's claim for negligent failure to protect likewise is not sustainable because Plaintiff's Complaint is void of any facts to sustain the elements of duty, breach, causation, and damages under New Hampshire law.

VI. To the extent Plaintiff attempts to assert a claim for failure to protect under 42 U.S.C. § 1986, Plaintiff did not allege facts to establish Walden failed to prevent a conspiracy to deprive Plaintiff of equal protection of the laws by showing that Walden: 1) had knowledge of a conspiratorial wrongs; 2) had power to prevent or to aid in preventing it; 3) neglected to do so; 4) the wrongful acts were committed; and 5) the wrongful acts could have been prevented.

VII. Plaintiff's 42 U.S.C. § 1983 claims similarly fail because Plaintiff's Complaint lacks facts to establish that: 1) a right secured by the Constitution or laws of the United States was violated, and 2) the alleged violation was committed by a person acting under color of state law; for these reasons, and because Section 1983 claims must be predicated on state action, Plaintiff has not stated a claim for a civil rights deprivation under 42 U.S.C. § 1983.

Accordingly, Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Walden submits a Memorandum of Law,

which is being filed contemporaneously with this Motion and is incorporated by referenced in accordance with Federal Rules of Civil Procedure 10(c).

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | SKOLER, ABBOTT & PRESSER P.C. |
|  | /s/ John S. Gannon<br>John S. Gannon, Esq.<br>BBO No. 683845<br>One Monarch Place, Suite 2000<br>Springfield, Massachusetts 01144<br>Tel.: (413) 737-4753/Fax: (413) 787-1941 |
| Dated: December 23, 2020 | E-Mail: jgannon@skoler-abbott.com |
|  | CHAMBLISS, BAHNER & STOPHEL, P.C. |
|  | Justin L. Furrow<br>(awaiting admission *pro hac vice*)<br>TN BPR No. 027667<br>Liberty Tower, Suite 1700<br>605 Chestnut Street<br>Chattanooga, Tennessee 37450<br>Telephone: 423.757.0221<br>Facsimile: 423.508.1221<br>Email: jfurrow@chamblisslaw.com |
|  | Attorneys for Defendant |

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by First Class, U.S. Mail, postage prepaid to the following individual on December 23, 2020:

Ms. Andrea Brooks
96 Old Country Road
Winchendon, MA 01475

                                                /s/ John S. Gannon, Esq.
                                                   John S. Gannon, Esq.