UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREA BROOKS,<br><br>                  Plaintiff,<br><br>vs.<br><br>WILLIAM ALBERT D'ERRICO JR., et al.,<br><br>                  Defendants. | CIVIL ACTION NO. 4:20-cv-40148-DHH |

## MEMORANDUM OF LAW IN SUPPORT OF WALDEN SECURITY'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

To the extent Walden Security can decipher what allegations in Plaintiff's Complaint are specifically aimed at it, Walden Security's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint presents a straightforward question for this honorable Court:  has Plaintiff pleaded any facts that would even tend to support her myriad of specious claims?  The short answer to this questions is no.  Accordingly, Walden Security's motion should be granted and Plaintiff's Complaint as to Walden Security should be dismissed for failure to state a claim upon which relief can be granted for the reasons stated herein.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Metropolitan Security Services, Inc., d/b/a Walden Security, is a contract security company that was providing security services at the courthouse (the "courthouse") in Merrimack, New Hampshire in 2019.[1]  According to Plaintiff's allegations, on September 5, 2019, Plaintiff was

---

[1] Pl.'s Compl. ¶ 57.

attending a family court hearing at the courthouse.[2]  Plaintiff filed this *pro se* action on November 27, 2020, asserting various claims against Walden Security for events she contends took place on September 5, 2019.[3]

The genesis of this Complaint appears to be rooted in a child custody battle between Plaintiff and William D'Errico ("D'Errico").[4]  Without providing any details, Plaintiff asserts that Walden Security failed to protect her and her son from an assault perpetuated by D'Errico at the courthouse.[5]  Given the facts as pleaded, Plaintiff also contends that Walden Security was not present on the second floor of the courthouse while D'Errico was assaulting her and her son.[6] Plaintiff alleges that an unnamed Walden Security employee "repeatedly tried to silence me during hearings."[7]  According to Plaintiff, an unnamed Walden Security employee "stood over [her] menicilingy" and treated her like she was a major threat while not treating D'Errico in the same manner.[8]  Plaintiff also claims that the "white security officer chose to treat the only nonwhite person like a criminal."[9]

Upon pleaded facts, Plaintiff contends that Walden Security engaged in both negligent infliction of emotional distress and intentional infliction of emotional distress, was negligent in failing to protect her and her son, deprived her of First Amendment rights, and discriminated against her, presumably on the basis of race.[10]

---

[2] Id.
[3] *See generally* Pl.'s Compl.
[4] Id.
[5] Id. ¶ 57.
[6] Id. ¶ 59.
[7] Id. ¶ 58.
[8] Id.
[9] Id.
[10] *See generally* Pl.'s Compl.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the pleadings.[11]   When confronted with such a motion, the court accepts as true all well-pleaded facts and draws reasonable inferences in favor of the nonmoving party.[12]  Dismissal then only becomes appropriate if the complaint fails to allege a "'plausible entitlement to relief.'"[13]

"The plausibility inquiry necessitates a two-step pavane."[14]  The court must first distinguish between "'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."'[15]  The court must then determine whether the factual allegations pleaded are sufficient to support "'the reasonable inference that the defendant is liable for the misconduct alleged."'[16]  This second step requires the reviewing court to "'draw on its judicial experience and common sense.'"[17]

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[18]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19]  Indeed, "'[i]f the factual

---

[11] Araujo v. UGL UNICCO-UNICCO Operations, 53 F.Supp.3d 371, 378 (D. Mass. 2014).
[12] Id.
[13] Id. (internal citation omitted).
[14] Garcia-Catalan v. United States of America, 734 F.3d 100, 103 (1st. Cir. 2013).
[15] Id. (internal citation omitted).
[16] Id. (internal citation omitted).
[17] Garcia-Catalan, 734 F.3d at 103 (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).
[18] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).
[19] Id. at 555.

allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.'"[20]

Under the *Twombly* "plausibility standard," the allegations in Plaintiff's Complaint must contain facts sufficient to "nudge[] [her] claims across the line from conceivable to plausible."[21] In other words, the Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[22]   Additionally, although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers,[23] Plaintiff must still satisfy basic pleading requirements.[24]

As more fully described below, on the four corners of the instant Complaint, Plaintiff fails to satisfy the basic pleading requirements because she has filed a Complaint replete with conclusory statements insufficient to meet the factual requirements necessary to satisfy the elements of the pleaded claims.  As a result, no relief can be granted, and her Complaint should be dismissed.

## ARGUMENT

**A.   Plaintiff Has Failed To State A Claim For Negligent Infliction of Emotional Distress.**

In her Complaint, Plaintiff alleges that she suffered negligent infliction of emotion distress.[25]   Under New Hampshire law, to state a successful negligent infliction of emotional distress claim, as a bystander, Plaintiff must successfully allege sufficient facts to satisfy the following three prongs: 1) causal negligence of the defendant; 2) foreseeability; and 3) serious

---

[20] Garcia-Catalan, 743 F.3d at 103 (citing Morales–Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2010) (internal citation omitted)).
[21] Twombly, 550 U.S. at 570.
[22] Id. at 545.
[23] Haines v. Kerner, 404 U.S. 519, 520–21 (1972).
[24] McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).
[25] Pl.'s Compl. ¶ 58.

mental and emotional harm accompanied by objective physical symptoms.[26]   Foreseeability requires a close relationship between Plaintiff and the victim, geographic proximity to the accident scene, and a close connection in time between the negligent act and the resulting injury.[27]   The emotional harm must be a significant, painful mental experience with lasting effects[28] and requires Plaintiff to demonstrate objective physical symptoms of her distress, regardless of physical impact.[29]   Plaintiff here has not pleaded facts to meet these requirements.

Plaintiff's claim fails for namely two reasons.   First, Plaintiff does not plead a single fact or make a single assertion to meet the burden to satisfy the foreseeability prong required by New Hampshire law.   Assuming, *arguendo*, Plaintiff's claim is connected with the assault that she alleges occurred to her son (which is unclear in her Complaint) Plaintiff's Complaint is silent as to her proximity to the alleged assault and also to any close connection in time between the alleged assault and any resulting injuries.   To satisfy the foreseeability element, Plaintiff must plead specific injuries as a result of the supposed assault of her son.   Plaintiff not only fails to plead specific injuries—she has pleaded no injuries.   As such, Plaintiff does not demonstrate the required foreseeability.

Even if Plaintiff had successfully pleaded the necessary elements of foreseeability, which she has not, Plaintiff also fails to plead *any* facts regarding *any* emotional damages she has suffered.   Indeed, Plaintiff does not plead any facts to suggest the significant, painful, long-lasting mental effects required to satisfy the third element.   Nor does she describe in any form or fashion any type of objective physical symptoms she has experienced as a result of the alleged assault. Therefore, Plaintiff's claim also fails because the Complaint is void of any facts regarding injuries.

---

[26] O'Donnell v. HCA Services of New Hampshire, Inc., 833 A.2d 319, 324 (N.H. 2005).
[27] Wilder v. City of Keene, 557 A.2d 636, 638 (N.H. 1989) (internal citation omitted).
[28] O'Donnell, 833 A.2d at 324.
[29] Id. (internal citations omitted).

Therefore, Plaintiff's claim for negligent infliction of emotional distress should be dismissed for failing to state a claim upon which relief can be granted.

**B.      Plaintiff Fails to Plead A Claim of Intentional Infliction of Emotional Distress.**

Not only is Plaintiff's Complaint void of any facts to demonstrate negligent infliction of emotional distress, it is empty as to the necessary facts to demonstrate a colorable claim for intentional infliction of emotional distress.  New Hampshire law recognizes the tort under the following standard: "'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.'"[30]  New Hampshire law "'intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'"[31]  "'The intensity and the duration of the distress are factors to be considered in determining its severity.'"[32]

To determine whether conduct is extreme and outrageous, it is not enough that a person "'acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice.'"[33]  "'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"[34]

---

[30] <u>Morancy v. Morancy</u>, 593 A.2d 1158, 1159 (N.H. 1991) (citing the Restatement (Second) of Torts §46 (1965)).
[31] <u>Id.</u>
[32] <u>Id.</u>
[33] <u>Mikell v. School Admin. Unit No.33</u>, 972 A.2d 1050, 1055 (N.H. 2009) (citing the Restatement (Second) of Torts §46 comment d at 73 (1965)).
[34] <u>Id.</u>

Absent from the four corners of Plaintiff's Complaint are any facts that demonstrate intentional conduct so repugnant to meet the "extreme and outrageous" conduct necessary to prove intentional infliction of emotional distress.  Plaintiff only pleads that an unnamed Walden Security employee "stood over [her] menacingly" and treated her like a criminal.[35]  Even if that was sufficient to satisfy the extreme and outrageous element prong—*it is not*—Plaintiff's claim still fails because she has pleaded zero facts indicating that she suffered from emotional distress in general, let alone any facts suggesting that she suffered from the serve emotional distress necessary required under New Hampshire law.

Therefore, upon the facts as pleaded, Plaintiff's claim for intentional infliction of emotional distress should be dismissed for failing to state a claim upon which relief can be granted.

## C.    Plaintiff Cannot State A Claim for Negligent Failure to Protect

To adequately plead a negligence claim under New Hampshire law, Plaintiff's Complaint must show that Walden Security: 1) owed her duty; 2) the owed duty was breached; and 3) the breach proximately caused the Plaintiff's injury.[36]  Notwithstanding whether Walden Security owed Plaintiff a duty (although she has pleaded no facts that indicate a duty was owed), the claim assuredly fails as pleaded on the remaining elements.  The Complaint is absent of at least one fact to substantiate a breach.  Plaintiff's conclusory allegation that a security worker should have been present while D'Errico was assaulting her and her son is insufficient.  Plaintiff further fails to meet the third element because she has not pleaded any facts to suggest how an assumed breach of an owed duty caused injuries—injuries which are not even mentioned in the Complaint.

For these stated reasons, Plaintiff's claim for negligent failure to protect should be dismissed for failing to state a claim upon which relief can be granted.

---

[35] Pls. Compl. ¶ 58.
[36] Dupont v. Aavid Thermal Technologies, 798 A.2d 587, 590 (N.H. 2002).

**D.    Plaintiff Did Not Establish that Walden Security Failed to Protect Under Section 1986.**

To the extent that Plaintiff's negligent failure to protect claim is pleaded under Section 1986[37], rather that New Hampshire law, it still fails because the Complaint is void of any facts to support such a claim.  Section 1986 provides a cause of action against a person who fails to prevent a conspiracy to deprive a person of equal protection of the laws.  To successfully plead that claim, Plaintiff would have to allege facts to establish that Walden Security failed to prevent a conspiracy by showing that Walden Security: 1) had knowledge that conspiratorial wrongs were about to be committed; 2) had power to prevent or to aid in preventing the commission of those wrongs; 3) neglected to do so; 4) the wrongful acts were committed; and 5) that the wrongful acts could have been prevented by reasonable diligence.[38]

A complaint must allege the existence of a conspiracy prohibited by 42 U.S.C. §1985 for a Section § 1986 claim to be successful.[39]  Indeed, more than bare, conclusory allegations of a conspiracy must exist; a recitation of supporting facts which tend to show the existence of an unlawful agreement are necessary to sufficiently establish a cause of action under Section 1986.[40]  When a complaint fails to establish a viable claim under Section 1985, the grant of a motion to dismiss a claim under Section 1986 is proper.[41]

First, as an initial matter, not unlike Plaintiff's other claims, Plaintiff fails to plead any facts to support a plausible claim under Section 1985.  Indeed, the Complaint pleads no facts regarding a conspiracy against Plaintiff to deprive her of equal protection of the laws.  So, Plaintiff's claim fails for that reason alone.  Even if she could establish such a conspiracy, Plaintiff does not plead

---

[37] 42 U.S.C. § 1986.
[38] Tillman v. Burge, 813 F. Supp. 2d 946 (N.D. Ill. 2011)
[39] Loy v. Clamme, 804 F.2d 405 (7th Cir. 1986).
[40] Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971).
[41] Foskey v. Rendell, 261 Fed. Appx. 428 (3d Cir. 2008).

any facts, beyond mere conclusory statements to sufficiently meet any of the required elements to demonstrate that Walden Security was negligent in its failure to protect her under Section 1986. Therefore, to the extent a Section 1986 and the necessary accompanying Section 1985 claims are pleaded, they should be dismissed for failure to state a claim upon which relief can be granted.

E.     **Plaintiff Is Unable To State That A Right Secured By The Constitution Or Laws Of The United States Was Violated.**

Under Section 42 U.S.C. § 1983, Plaintiff must first allege that a right secured by the Constitution or laws of the United States was violated.[42]  In the instant matter, based on Plaintiff's Complaint, she has presumably alleged a violation of the First Amendment stating by that an unnamed Walden Security employee "repeatedly tried to silence me during hearings."[43]  She also has presumably alleged a discrimination claim by alleging that the "white security officer chose to treat the only nonwhite person like a criminal."[44]

Once a deprivation is established, a successful §1983 claim then requires a plaintiff to "show that the alleged deprivation was committed by a person acting under color of state law."[45]  Not only does Plaintiff's Complaint fail to plead sufficient facts to establish a First Amendment violation or that she was discriminated against, but, it also fails to demonstrate that the unnamed, and yet-to-be identified, Walden Security employee acted under the color of state law.  Because Plaintiff's Complaint cannot meet either prong of a § 1983 claim, those related claims should be dismissed.

---

[42] West v. Atkins, 487 U.S. 42, 48 (1988); see also Martinez v. Colon, 54 F.3d 980, 984 (1st Cir. 1995) (quoting Chongris v. Board of Appeals, 811 F.2d 36, 40 (1st Cir. 1987)).
[43] Pl.'s Compl. ¶ 58.
[44] Id.
[45] West, 487 U.S. at 48 (1988); see also Martinez v. Colon, 54 F.3d at 984 (1st Cir. 1995) (quoting Chongris, 811 F.2d at 40 (1st Cir. 1987)).

**(a) The Complaint does not establish a First Amendment deprivation or discrimination.**

The First Amendment prohibits the abridgment of the freedom of speech.[46]  In general, citizens have a First Amendment right to engage in various kinds of speech, such as filing civil actions or testifying at hearings.[47]  "Government actors offend the First Amendment when they retaliate against an individual for constitutionally protected speech."[48]  An individual seeking to establish a First Amendment retaliation claim must show that the conduct in which the individual engaged was a "'substantial'" or "'motivating factor'" in the deprivation.[49]  In other words, a causal connection need must be established.

Plaintiff has not pleaded any facts indicating that Walden Security attempted to silence her because she was engaging in speech protected under the First Amendment.  There is not even any indication suggesting what activity Plaintiff was engaged in at the time of the purported deprivation.  Plaintiff merely suggests that a Walden Security employee attempted to silence her. It follows that Plaintiff has failed to prove a First Amendment deprivation.

As to the alleged discrimination, Plaintiff does not specifically detail her discrimination theory.  The most obvious are the 42 U.S.C. § 1981, which ensures that "all persons ... shall have the same right ... give evidence... as is enjoyed by white citizens ...."; or the Fourteenth Amendment, which ensures that the state does not "deny to any person within its jurisdiction the equal protection of the laws."[50]  To establish a claim under Section 1981, Plaintiff must plausibly

---

[46] U.S. CONST. amend. I.

[47] Gonzalez-Droz v. Gonzalez-Colon, 660 F.3d 1, 16 (1st Cir. 2011) (citing Bill Johnson's Rests., Inc. v. NLRB, 461 U.S. 731, 752 (1983) and Johnston v. Harris Cnty. Flood Control Dist., 869 F.2d 1565, 1576–78 (5th Cir.1989)).

[48] Gonzalez-Droz, 660 F.3d at 16 (citing Hartman v. Moore, 547 U.S. 250, 256 (2006)).

[49] Gonzalez-Droz, 660 F.3d at 16 (1st Cir. 2011) (citing Centro Medico Turabo, Inc. v Feliciano de Melecio, 406 F.3d 1, 10 (1st Cir. 2005)).

[50] Civil Rights Act of 1866, 42 U.S.C. § 1981; U.S. CONST. amend. XIV §1.

plead that she: 1) is a member of a protected class; 2) engaged in conduct protected by the statutes; and 3) was treated less favorably than the similarly situated persons who are not members of the same protected class.[51]   The pleading must allege more than Plaintiff is of a different race and denied to engage in certain behavior.[52]   Indeed, such a complaint fails to plead facts plausibly alleging that the claimant was treated less favorably than similarly situated persons who are not members of a protected class.[53]   Under the Fourteenth Amendment, Plaintiff would have to show a similar comparison to establish race discrimination.

Because the alleged facts contain no plausible allegations describing how Plaintiff was treated less favorably than other individuals not within her protected class that *were similarly situated*, *e.g. engaging in the same activity or behavior*, her Complaint is legally insufficient and should be dismissed.

### (b) Plaintiff has not pleaded facts to establish the alleged deprivations were committed under the color of law.

To the extent that Plaintiff claims that an unnamed Walden Security employee attempted to silence her during court hearings and that said action was a violation of her First Amendment rights or that she was somehow discriminated against, Plaintiff also must show that the alleged deprivation took place under the color of state law.   Even if the Court adopted the inference that Walden Security actually attempted to silence Plaintiff for exercising her First Amendment rights or that she was discriminated against, nowhere in the Complaint does the Plaintiff specifically allege that the unnamed Walden Security employee acted under color of state law.   For this reason

---

[51] <u>Kilgore v. Providence Place Mall</u>, No. 16-135S, 2016 WL 3092990, at *4 (D. R.I. April 1, 2016) (finding a security guard at a mall did not violate a Section 1981 for allegedly harassing someone waiting for a ride).

[52] <u>Kilgore</u>, 2016 WL 3092990, at *4 (internal citation omitted).

[53] <u>Kilgore</u>, 2016 WL 3092990, at *4 (internal citation omitted).

alone, the Complaint fails.[54]  Beyond a specific allegation, there is nothing in the Complaint to establish even a mere suggestion that the alleged deprivation took place under the color of state law.

Walden Security is a private business, not a government entity.  While it is not necessary for an individual to be a state officer to act under color of state law for purposes of § 1983 actions, if a private person is "jointly engaged" with a state official in the alleged violation, that person acts under color of state law.[55]  Jointly engaged means an individual is a willful participant in joint action with the state or its agents.[56]  The Supreme Court recognizes three tests for determining if a private party's actions may be deemed to have occurred under the color of state law:  1) the public function test; 2) the state compulsion test; and 3) the symbiotic relationship ("nexus") test.[57]  Plaintiff's Complaint fails to plead not even one scintilla of a fact to satisfy any of the aforementioned tests.

### a.  Plaintiff has not pleaded facts to establish joint action under the public function test.

Under the public function test, a security guard could conceivably qualify as a state actor.  That said, even if a security guard used state-conferred law enforcement credentials, such as a police badge, or was acting in close cooperation with police officials (where state or municipal police power is not involved and the state has not granted its entire police force to a private police force) a security guard's actions are not attributed to the state.[58]  Indeed, even if the security guard has the power to arrest, such police powers have never been reserved exclusively

---

[54] Hadd v. Baker, 138 F.Supp.3d 78, 80 (Dis. Mass. 2015) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1983) and Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005)).
[55] See e.g., Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).
[56] Id.
[57] See Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982).
[58] See Wade v. Byles, 83 F.3d 902, 905–06 (7th Cir. 1996), cert. denied, 519 U.S. 935 (1996).

to the state.[59]  Courts recognize that powers normally reserved for the police, such as the power to arrest, are often granted to "'security guards ... employed by private companies to protect private property.'"[60]  Thus, the mere performance of basic private-security functions, without more, does not implicate an exclusive public function.[61]  Without more, the mere premise that Walden Security is generally engaged in basic private-security functions is insufficient to establish the unnamed Walden Security employee acted under the color of state law.

**b.  Plaintiff's Complaint contains insufficient facts to establish Walden Security operated under the color of state law under the state-compulsion test.**

Plaintiff also fails to plead sufficient facts to satisfy the elements of the state-compulsion test.  Under the state-compulsion test, if the state "'has exercised coercive power or has provided ... significant encouragement, either overt or covert, ... the [challenged conduct] must in law be deemed to be that of the State.'"[62]  Here, Plaintiff fails to raise any plausible inferences that the state itself exercised coercive power over the alleged incident; nor has Plaintiff provided evidence that the state had significant encouragement over the alleged incident or was meaningfully involved in any way in the alleged incident.[63]  Plaintiff merely pleads that an unnamed Walden Security employee tried to silence her during hearings.  That fact alone fails to prove that the unnamed Walden Security employee acted under the color of state law.

---

[59] See Strahan v. AT&T Mobility, LLC, 270 F.Supp.3d 535, 541 (D. Mass. 2017) (citing Wade v. Byles, 83 F.3d 902, 906 (7th Cir. 1996)).

[60] Id.

[61] See Strahan, 270 F.Supp.3d at 541.

[62] Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015) (quoting Estades–Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 5 (1st Cir. 2005).

[63] See Strahan, 270 F.Supp.3d 535, 541 (D. Mass. 2017) (discussing and finding that a mall security guard was not a state actor under the state-compulsion test); see also Sanchez v. Pereira–Castillo, 590 F.3d 31, 52 (1st Cir. 2009) (finding a private doctor was a state actor when she acted at the behest of correctional staff and officers); Rodriques v. Furtado, 950 F.2d 805, 814 (1st Cir. 1991) (finding a private doctor was a state actor when he conscripted by the police to conduct a search pursuant to a warrant).

### c. Plaintiff's has not pleaded the facts necessary to establish a nexus between Walden Security and the state.

The nexus test would require Plaintiff show that the "totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity].[64]'" That inquiry is fact-specific with the presence of state action being determined on a case-by-case basis.[65] Facts such as whether security guards were wearing official police uniforms, a badge, and a side arm have been considered.[66] Whether the security guard engaged in activity that would normally require police intervention has also been considered to evaluate the totality of the circumstance.[67]

By contrast, here, Plaintiff does not plead any allegations about the Walden Security employee. Indeed, the Complaint is devoid of any information – *much less express allegations* – that the unnamed Walden Security employee was a state actor. For example, there are no allegations indicating that the unnamed Walden Security employee represented himself or herself as anything other than a Walden Security guard—which is how she identifies the unknown employee in her Complaint.[68] Nor does Plaintiff allege that Walden Security specifically acted in concert with the state—the fact that Walden Security is the security company for the courthouse is insufficient to establish a nexus.[69] Thus, without more, the Complaint is insufficiently pleaded to support a plausible inference that the unnamed Walden Security employee was a state actor.

---

[64] Strahan, 270 F.Supp.3d at 541 (D. Mass. 2017) (citing Klunder v. Brown Univ., 778 F.3d 24, 31 (1st Cir. 2015)).

[65] Strahan, 270 F.Supp.3d at 541 (D. Mass. 2017) (citing Chapman v. Higbee Co., 319 F.3d 825, 834 (6th Cir. 2003)).

[66] Strahan, 270 F.Supp.3d at 541 (D. Mass. 2017) (citing Chapman v. Higbee Co., 319 F.3d 825, 834–35 (6th Cir. 2003)).

[67] Strahan, 270 F.Supp.3d at 541 (D. Mass. 2017) (citing Chapman v. Higbee Co., 319 F.3d 825, 835 (6th Cir. 2003)).

[68] Pl.'s Compl. ¶ 57; Strahan, 270 F.Supp.3d 535, 542 (D. Mass. 2017).

[69] Strahan, 270 F.Supp.3d 535, 542 (D. Mass. 2017) (noting that a conclusory statement regarding employment of security guards was insufficient to establish state action).

Simply put, in the Complaint, Plaintiff fails to raise any plausible inferences to establish the state itself exercised coercive power over Walden Security to engage in the alleged civil-rights violations.  Nor has Plaintiff shown that the state encourage the alleged civil rights violation or was somehow meaningfully involved at all in the alleged civil-rights violations.  Therefore, Plaintiff's claim against Walden Security under §1983 should be dismissed.[70]

## CONCLUSION

Plaintiff cannot state a claim against Walden Security for negligent infliction of emotional distress, intentional infliction of emotional distress, or negligent failure to protect.  Plaintiff asserts the aforementioned, but pleads no facts that permit any inferences to hold Walden Security liable. Nor has Plaintiff pleaded any facts to support her claims that Walden Security somehow violated her rights under the First Amendment or discriminated against her in anyway.  Because Section 1983 claims must be predicated on state action, Plaintiff cannot state a claim or a violation of 42 U.S.C. § 1983.  Walden Security therefore requests this Court dismiss with prejudice Plaintiff's claims against it, and to grant it any additional relief deemed appropriate.

Respectfully Submitted,

SKOLER, ABBOTT & PRESSER P.C.

  _/s/ John S. Gannon__
John S. Gannon, Esq.
BBO No. 683845
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Tel.:  (413) 737-4753/Fax:  (413) 787-1941
Dated:  December 23, 2020                  E-Mail:  jgannon@skoler-abbott.com

---

[70] Estades–Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) ("If the plaintiff fails to alleges facts sufficient to establish either the deprivation of a federal right or that the defendant or defendants acted under the color of state law, then the § 1983 claim is subject to dismissal").

CHAMBLISS, BAHNER & STOPHEL, P.C.

Justin L. Furrow
(awaiting admission *pro hac vice*)
TN BPR No. 027667
Liberty Tower, Suite 1700
605 Chestnut Street
Chattanooga, Tennessee  37450
Telephone:  423.757.0221
Facsimile:  423.508.1221
Email:  jfurrow@chamblisslaw.com

Attorneys for Defendant


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by First Class, U.S. Mail, postage prepaid to the following individual on December 23, 2020:

Ms. Andrea Brooks
96 Old Country Road
Winchendon, MA 01475

  */s/ John S. Gannon, Esq.*  
John S. Gannon, Esq.