FILED IN CLERKS OFFICE

2020 DEC 29 AM 9: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MASSACHUSETTS

Andrea Brooks

    plaintiff

v

William Albert D'Errico, Jr., et al

    defendant

Civil Action No:

4:20-CV-40148-DHH

## MOTION TO DISMISS

COMES NOW Defendants William Albert D'Errico, Jr. (William D'Errico) and Lisa D'Errico, proceeding PRO SE, who submit this motion to dismiss the entire Complaint filed by the Plaintiff in this matter (#Case No. 4:20-cv-40148-DHH). The Plaintiff offers numerous allegations against Defendants William D'Errico and Lisa D'Errico but offers no factual information to support said allegations and thus

the pleading is insufficient because all it does is recite conclusions but offers no facts or theories to substantiate such claims.

## INTRODUCTION

A    The Defendants first met the Plaintiff in August, 2009 through the Plaintiff's escort ad on Craigslist. At that time the Plaintiff told the Defendants she was unable to become pregnant and that birth control would not be necessary during any sexual encounter. At some point the Plaintiff learned that the Defendants had experienced several previous miscarriages and the Defendants belief is that knowledge was instrumental in what followed. Sometime after their initial encounter, the Plaintiff informed the Defendants that she (the Plaintiff) was pregnant and would be willing to give up all rights to the unborn child in exchange for the sum of $60,000.

B    Immediately after the birth of the child, Defendant William D'Errico Jr. requested a paternity test and, when advised that the result was a positive match, filed for parental and visitation rights (September 2010). A hearing was scheduled for 10/13/10. On 10/7/10, the Plaintiff filed a harassment prevention order (Docket #1012R0168) with a hearing scheduled for 10/20/10.

At the hearing, held at Newton District Court, the harassment petition was denied as it was found to be fraudulent and an obvious attempt to interfere with the parental rights and visitation Docket #10W1723.

C    In December 2012, the Defendants were contacted by MA Department of Child and Family Services asking if we had physical custody of our son. They advised us that there had been an altercation between the Plaintiff and the father of three of her other children after she abandoned them on his doorstep for the second time. MA Family Services indicated that, based on the Plaintiff's actions, they believed the Plaintiff was unstable and that she had been admitted for psychological evaluation. MA Family Services instructed Defendant, William D'Errico Jr., to file for an emergency custody order as soon as possible. Said emergency order was granted and the presiding judge (Judge Gibson) allowed the Plaintiff 90 days to object. On March 21, 2013, Defendant William D'Errico Jr. was granted sole legal and physical custody of our son.

D    Subsequently, the Defendants had very little contact with the Plaintiff until 2016. After learning of the Plaintiff's various illicit websites, Defendant William D'Errico Jr. filed in New Hampshire court to terminate the Plaintiff's

parental rights. Since then, both Defendants have been repeatedly harassed by the Plaintiff's unsubstantiated outrageous legal complaints and motions. The Plaintiff has verbally threatened the Defendants after one hearing that "if we thought $60,000 was a lot that would be nothing compared to what she [the Plaintiff] will get" in an obvious reference to the Plaintiff's offer to the Defendants made during the pregnancy.

E The Plaintiff claims an inability to afford either legal assistance or child support (currently court ordered at $50/month). However, it appears that she was able to have breast augmentation surgery (value approximately $10K) and drive a valuable automobile (value approximately $50K). She has stated in the past that these items were gifts from her live-in boyfriend, John Stuart who appears to be her associate in her financial/business affairs.

F In May of 2018, the Defendants requested, and were granted, a No Trespass Order against the Plaintiff and her associate John Stuart for frequent incidents of harassment at the home of the Defendants. Consequently, the Plaintiff's visitation order was revised such that visitation transfers were to take place at Milford NH Police Department only.

G   At the beginning of 2019, the Defendants were contacted by MA Department of Child and Family Services requesting information regarding the Plaintiff's contact with the Defendants' son and what information we (the Defendants) might have regarding her (the Plaintiff's) affairs. We learned through this encounter that the Plaintiff had kicked her 16 year old daughter out of her home and there was an underlying suspicion that this action was the result of the Plaintiff's attempt to prostitute the daughter.

H   In the summer of 2019, The Plaintiff filed for joint custody of the Defendants' son. During the period prior to the custody hearing, the Plaintiff filed a complaint with the NH Department of Children and Families stating that Defendant William D'Errico Jr. was using drugs and had loaded firearms in his home. The NH Department of Children and Families investigated and found the claims fraudulent. Subsequent to the NH Family Court order refusing joint custody, the Plaintiff filed yet another harassment order stating that the Defendant William D'Errico Jr. attacked her in NH Family Court. This complaint was also found fraudulent.

## ARGUMENT

A    Claim #34 alleges conspiracy to "...violate my parental rights..." by Defendants William D'Errico Jr. and Lisa D'Errico. Per FED. R. CIV. P. 11(b)(3), the Complaint should make clear that the defendant violated the law, not just that it is possible that defendant violated the law. This entire Complaint contains unsupported allegations only. The complaint must do much more than this. Specifically, a factual basis for the claim must be established by the complaint, the complaint must also include details about how the defendant was complicit, and how this complicity is relevant to the plaintiff's Claim for Damages, i.e. "the doctrine of plausibility". [Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic v. Twombly, 550 U.S. 544 (2007)].

B    Claim #42 contains an allegation of conspiracy to "..violate the 13th Amendment to the US Constitution..." and NH RSA 633:7. With regard to the 13th Amendment, the complaint specifically states "...the right not to be enslaved..." and "...to deprive me of my rights and force me into sexual slavery." The Plaintiff either readily admits to being a sex worker or doesn't deny that allegation in Claims #17, 45, 49, 50, 51, 52 and 53. Both the 13th Amendment and NH RSA 633:7 demand the use of force or coercion. The

Plaintiff repeatedly states in the Complaint, she has engaged in this type of activity under her own free will for over a decade and prior to the birth of the child at the center of this dispute. Thus the Plaintiff is barred from claiming violation of either the 13th Amendment or RSA 633:7.

C   Claim #47 alleges conspiracy to "…force me [the Plaintiff] into sexual slavery…". Per FED. R. CIV. P. 11(b)(3), the Complaint should make clear that the defendant violated the law, not just that it is possible that defendant violated the law. This entire Complaint contains unsupported allegations only. Per Rule 11(b)(3) the complaint must do much more than this. Specifically, a factual basis for the claim must be established by the complaint, the complaint must also include details about how the defendant was complicit, and how this complicity is relevant to the plaintiff's Claim for Damages, i.e. "the doctrine of plausibility". [Id]

D   Claim #50 alleges that the Defendants "…started to coerce me [the Plaintiff] to commit commercial sex acts…". The claim then attempts to equate knowledge of the source of income to coercion to perform the work for that income. However, knowledge that a person willfully engages in illegal activity does not under any circumstance constitute control by the knowledgeable person. In this matter the Plaintiff willingly participates in

illegal sex for money as noted previously in this motion. As the Plaintiff is a college educated person, the Court could reasonably assume that the Plaintiff understands the difference between knowledge-of-a-situation versus control-of-a-situation. Therefore, the Defendants take the position that;

(1) if the Plaintiff is not mentally deficient,

(2) and is reasonably well educated,

(3) but is an admitted perjurer (Claim #49 and others), then,

(4) given the complete lack of support or factual evidence for the claims made in this Complaint, the Plaintiff has advanced these allegations in a frivolous manner in order to draw attention to her [the Plaintiff's] dissatisfaction with the numerous previous rulings adverse to the Plaintiff's position in her long running, on again-off again, custody and child support fight and thus should be dismissed in that it fails to achieve the requirements of FED. R. CIV. P. 12(b)(3).

[US Court of Appeals For the Seventh Circuit No. 08-3675 COONEY v ROSSITER - This case… …may be paranoid pro se litigation, arising out of a bitter custody fight and alleging, as it does, a vast,

encompassing conspiracy; and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility]

E    Absent any allegation of force or intimidation with respect to the most serious crimes alleged in this Complaint and given that a reasonably well educated Plaintiff has put forth the notion that the knowledge of an illegal act equates to control of that act, this Complaint must be construed as an act of frivolous use of the courts resources and a malicious attack on the Defendants named in the Complaint. [The plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929].

F    FED. R. CIV. P. Rule 11(b) states, "By presenting to the court a pleading, written motion, or other paper… an… unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:". The Complaint contains neither evidence nor statement of fact that would indicate any investigation or inquiry in either the conduct of the Defendants or the applicable law and

thus the Complaint fails to comply with FED. R. CIV. P. Rule 11(b).

## CONCLUSION

The Defendants respectfully request that for the foregoing reasons the Defendants' Motion to Dismiss should be granted.

The Defendants further request that given the heinous nature of the allegations in the Complaint and the complete lack of supporting data and the completely implausible nature of the Complaint that the Motion to Dismiss be issued WITH PREJUDICE.

Furthermore, in light of the 30 or more times that this Plaintiff has filed litigation, motions, custody pleadings, etc, against the Defendants, we, the Defendants, request that the court find the Plaintiff to be a vexatious litigant and, thus the Defendants are entitled to protection from further litigation by this Plaintiff unless such new or continuing litigation has been approved, pre filing, by a sitting judge of this honorable court.

Respectfully submitted this __28th__ day of December, 2020

*William A. D'Errico* (signature)
William A. D'Errico
13 Mobile Coach Lane
Mont Vernon, NH 03057-1709
Tel: 603.533.1952
Email: rottylover@comcast.net

*Lisa D'Errico* (signature)
Lisa D'Errico
13 Mobile Coach Lane
Mont Vernon, NH 03057-1709
Tel: 603.554.6129
Email: rottylover@comcast.net