US District Court
for the District
of Massachusetts

February 14, 2020

Case Number 4:20-cv-40148-DHH

Brooks v. D'Errico et al

Objection to Motion to Dismiss filed on behalf of New Hampshire Judicial Defendants

NOW COMES Plaintiff Andrea Brooks

The following is my response to the Memorandum of Reasons for the Motion to Dismiss filed by New Hampshire Attorney General Gordon J. MacDonald /s/ Anthony J. Galdieri Senior Assistant Attorney General on 12/21/20.

1. In the opening paragraph three reasons for dismissal are stated as follows:
    i. "this court lacks personal jurisdiction over the judicial defendants;
    ii. Brooks' claims against the judicial defendants are barred by Eleventh Amendment, judicial immunity, and quasi-judicial immunity; and
    iii. the complaint fails to state a claim against the judicial defendants upon which relief can be granted."
   b. **My response to i.** - "this court lacks personal jurisdiction over the judicial defendants"
      1. Personal jurisdiction refers to the power that a court has to make a decision regarding the party being sued in a case. Before a court can exercise power over a party, the U.S. Constitution requires that the party

has certain minimum contacts with the forum in which the court sits.

2. A non-resident defendant may have minimum contacts with the forum state if they:
    a. 1) have direct contact with the state;
    b. 2) have a contract with a resident of the state;[2]
    c. 3) have placed their product into the stream of commerce such that it reaches the forum state;[3]
    d. 4) seek to serve residents of the forum state;[4]
    e. 5) have satisfied the Calder effects test (Test for determining whether a forum's courts may constitutionally exercise specific personal jurisdiction over a defendant based on whether the effects of the defendant's intentionally tortious conduct were felt in the state.);[5] or

3. Calder Effects Test - Courts may also apply the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984), in cases with insufficient interactivity or minimum contacts, but where an action is targeted at a particular forum.[7] In *Calder*, a California resident in the entertainment business sued the National Enquirer, located in Florida, for libel based on an allegedly defamatory article published by the magazine. While the article was written and edited in Florida, the Court found that personal jurisdiction was properly established in California because of the effects of the defendants' conduct in that state. As the article concerned a California resident with a

       career in California and relied on California sources, the Court found the defendants' "intentional, and allegedly tortious, actions were expressly aimed at California."

    4. The Judicial Defendants satisfy the Calder Effects Test because their actions targeted a resident of Massachusetts, Plaintiff Andrea Brooks.

    5. The Judicial Defendants issued orders that caused Plaintiff's Massachusetts Driver's License to be suspended and Plaintiff was arrested in Massachusetts. The Judicial Defendant's actions were targeted at Massachusetts therefore, the Judicial Defendants satisfy the Calder Effects test and this Court may assert Personal Jurisdiction over the Judicial Defendants.

c. Footnote number one states that I should have named NH Family Court as a defendant and the other judicial defendants in their individual capacities as defendants.

    1. I agree that I should have named the New Hampshire Family Court as a Defendant. I did not name NH Family Court because I thought it would cost more to serve NH Family Court and I could not afford any additional filing fees or serving fees.

    2. I also meant to name the other judicial defendants in their individual **and** professional capacities. The judicial defendants took an oath to follow the law in their professional capacities. They broke that oath in NH Family Court Case Brooks - D'Errico Docket Number 657-2016-DM-291. As individuals they knew

they were engaged in behavior that was both immoral and illegal. I meant to name the judicial defendants in their individual and professional capacities.

d. **My response to ii.** - "Brooks' claims against the judicial defendants are barred by Eleventh Amendment, judicial immunity, and quasi-judicial immunity."
    1. Eleventh Amendment immunity does not give people the right to knowingly and maliciously violate other Constitutional Amendments.
    2. Under common law—the Supreme Court has not elevated judicial immunity from suit to a constitutional principle—judges "are responsible to the people alone for the manner in which they perform their duties. If faithless, if corrupt, if dishonest, if partial, if oppressive or arbitrary, they may be called to account by impeachment, and removed from office. . . . But responsible they are not to private parties in civil actions for the judicial acts, however injurious may be those acts, and however much they may deserve condemnation, **unless perhaps where the acts are palpably in excess of the jurisdiction of the judges, and are done maliciously or corruptly.**"
    3. Congress's intent could hardly be more plain. Judicial immunity is no bar to the award of attorney's fees under 42 U.S.C. § 1988 - Proceedings in Vindication of Civil Rights.

4. Given the corrupt, malicious nature of the wrongdoing in this case the Judicial Defendants ought to be held responsible for their actions. If the Judicial Defendants are undeservedly granted judicial immunity from damage awards they can still be responsible for reimbursing Plaintiff's attorney's fees under 42 U.S.C. § 1988.

e. **My response to iii.** - "the complaint fails to state a claim against the judicial defendants upon which relief can be granted."

1. This is not true. I actually stated several claims against the Judicial Defendants and there are various types of relief allowed by law.
2. The Judicial Defendants issued court orders that violate both NH State laws and Federal laws. This Court can issue an injunction to relieve me from the unlawful orders.
3. The Judicial Defendants conspired to deprive me of my rights. This Court has the duty and the power to make sure that Justice is served in this case.

f. **My response to I. Background**

1. The information in this section is a summary of the information included in my initial filing. The information is accurately restated.

g. **My response to II. Argument**

1. Please see above sections b, d, and e where I responded to each of the three arguments set forth by the Judicial Defendants.

2. **Conclusion**

a. For the reasons I stated above the claims against the Judicial Defendants should **not** be dismissed.
b. I am requested that the Judicial Defendants' Motion to Dismiss be DENIED.

*[signature]* Feb 14, 2021

Andrea Brooks (Pro Se)

6 of 6