United States District Court for the

District of Massachusetts

February 19, 2020

Case Number 4:20-cv-40148-DHH

Brooks v. D'Errico et al

Objection to Motion to Dismiss Filed by Defendants Gerald Thomas Delaney and Karen R. Delaney

NOW COMES Plaintiff Andrea Brooks

1. The Defendants (Thomas Delaney and Karen Delaney) requested that this court dismiss the 34th, 47th, and 48th Claims for Relief in my initial Complaint in this case based on their assertion that I failed to comply with four of the Federal Rules of Civil Procedure. In my complaint I allege that the Defendants are complicit in Conspiracy to Deprive me of Rights and Violation of the Trafficking Victims Protection Act of 2000 among other things. They want this case to be dismissed based on technicalities that in no way absolve them of responsibility for their harmful actions. The Defendants were willing participants violating my rights. Their goal was to deprive me of my Parental Rights and force me to continue performing commercial sex acts for their son's benefit.

2. In the Introduction section of the Defendants' Motion to Dismiss the Defendants refer to me as my son's "birth mother". Birth mother is a term used in adoption. I never gave my son up for adoption. The Defendants have no respect for my rights as a mother and they conspired with their son and daughter-in-law to deprive me of my rights and force me into slavery. Something that might not otherwise be slavery becomes slavery when you are compelled to do it for the benefit of another.

3. In the same paragraph as the "birth mother" comment the Defendants confirm that they saw my daughter (DOB 4/15/2003) at the NH Courthouse in 2017. That day my daughter testified in NH Family Court that William D'Errico Jr. (DOB 3/10/1969) was pressuring my daughter to sleep over his house in 2015. My daughter did not want to sleep over Mr. D'Errico's house and he was trying to entice her with the promise of a fun outing. I had already testified to the fact that Mr. D'Errico first asked me if my daughter could sleep over his house and when I said no, he tried to convince my daughter in an effort to get me to give permission. Whoever is reading this, please ask yourself, why would a man in his mid forties want to have an unrelated twelve year old girl sleep over his house? This is NOT acceptable in our society in the 21st century. It was inappropriate for him to even ask but he didn't just ask. William D'Errico Jr was actually pressuring my daughter and me about the sleepover. It was really disturbing. Mr D'Errico was so angry about not being allowed to have my daughter sleep over his house that he stopped letting me pick our son up for parenting time. My daughter is not related to Mr D'Errico. Mr D'Errico has no right to be alone with my daughter, ever! Mr D'Errico also had no right to keep our son away from me in retaliation. This entire case stems from that situation but unfortunately because of

NH Family Court's mishandling of the case, it has snowballed into a much more serious situation.

4. Karen Delaney and Gerald Delaney (the Defendants) have been aware of the details of this case since 2010. The Defendants have done numerous things to try to make their daughter-in-law feel like she was my son's mother. This is a family (the Delaneys and the D'Erricos) that basically kidnapped my son and they are pretending that they legally adopted him. That is why the Defendants use the term "birth mother". The Defendants conspired with and supported William D'Errico Jr and Lisa D'Errico in keeping my son away from me. The Defendants played a vital role in the deprivation of my rights. The Defendants did in fact pay the attorney (Cynthia Gilman) who represented William D'Errico Jr in NH Family Court. The Defendants do not deny paying the attorney.

5. Lisa D'Errico was not a part of the NH Family Court case; she is neither legally nor biologically a parent in that case so there was no reason for her to be there. Lisa D'Errico was desperate to be a parent so she conspired with her husband and her in-laws (the Defendants) to deprive me of my parental rights in an attempt to take my place as a parent. Lisa D'Errico and William D'Errico Jr were furious when they could not legally let Lisa become my son's mother. I refused to let her adopt my son and they could not have my parental rights terminated so they convinced NH Family Court that there was enough evidence to prove that I was a sex worker and I should pay child support based on that income. There are no loopholes in the Human Trafficking laws that would allow the NH Family Court to legally force me to continue performing commercial sex acts to pay child support. It is also illegal to compel someone to pay child support based on presumed income earned from previously performed commercial sex acts.

6. The last paragraph of the Introduction section of the Defendants Motion to Dismiss states "However, the Complaint does not include any statement or any factual allegation that would support such an Claim…" I clearly stated that the Defendants conspired with their son and daughter-in-law to deprive me of my rights. The Defendants have been privy to the details of this case since 2010 and they chose not to stay out of it. The Defendants made a conscious decision to involve themselves in this case and they were well aware of the allegations that I was a sex worker as well as the attempt to collect child support based on income from sex work. The Defendants were even present at the courthouse which they admitted in their Motion to Dismiss.

7. The documents and video surveillance from NH Family Court will provide evidence for the facts I am claiming.

8. I may not have laid out my Initial Complaint according to every Federal Rule of Civil Procedure and I am sorry about that. I meant no disrespect to this Court. I have zero legal training and the plethora of rules is overwhelming. I do not understand all of the rules and I need help. It should not be this difficult to get Justice. I hope we can do something to make Justice more accessible to the poor and poorly educated. I have decent literacy skills and this is very difficult for me. I can't imagine what it would be like for someone who didn't have the privilege of a decent education.

9. The Facts section of the Motion simply repeats some of the claims I made.

10. The Argument Section has numbered paragraphs which I will reference in my response.

11. A (1) States: "...This entire Complaint contains unsupported allegations only..." My allegations are actually supported by hard evidence in the form of NH Family Court records and the Defendants own admissions in their Motion to Dismiss. I explained that the Defendants paid for the lawyer which in itself is not illegal but they agreed to pay the lawyer in an effort to deprive me of my rights in a biased court and Conspiracy to Deprive Rights is illegal. Involvement in the violation of the Trafficking Victims Protection Act of 2000 is a serious crime. The Defendants knew that the legal strategy was to prove that I was a sex worker and try to collect some of the money. At one point in the NH Family Court proceedings it was requested that legal fees be reimbursed. The Defendants wanted me to pay them back the money they paid to the attorney. They knew that my only income was from sex work and they wanted some of that money. The Defendants could have chosen to stay out of the legal drama and just be grandparents but they inserted themselves into this messy situation. They are definitely complicit because they participated in depriving me of my rights and they did so willingly and with full knowledge of what they were doing. Their goal was to ensure that their daughter-in-law would be able to pretend that she was my son's mother. The Defendants forced my son to call Lisa D'Errico "mom" even when my son was still in my care and custody full-time. The Defendants have inserted themselves in this situation since 2010 and they have consistently tried to downplay my position as my son's mother because they wanted Lisa D'Errico to be his mother instead. Grandparents who put the needs of the child first would never do that.

12. In 2010 when my son was still an infant Karen Delaney accompanied her son William D'Errico Jr on a few occasions when he visited my apartment in Newton, MA to spend time with our son. Karen Delaney

5 of 11

always seemed to be looking for something that I was doing wrong. Eventually I stopped allowing Karen Delaney and her son to enter my apartment because of all the trouble they were causing. I met them outside instead.

---

13. A (2) States: "...The issue of parental rights is not contained in the cause for action and therefore barred from a claim for damages..." It is possible that I organized my initial Complaint incorrectly but I definitely mentioned the violation of my parental rights throughout the Complaint. The violation of my Parental Rights is a key part of this case. When I mention Conspiracy to Violate Rights, Parental Rights are included along with my Right to Due Process and a few others.

14. A (3) Seems to be a reiteration of a prior argument.

15. A (4) Seems to be arguing that I didn't number my paragraphs correctly. I am a Pro Se litigant and I have no legal training. I did my best to convey the facts clearly and concisely.

16. Part B States: "...Conspiracy is defined as an agreement between two or more people to commit an illegal act, along with intent to achieve the agreement's goal. Most U.S. jurisdictions require an overt act toward furthering the agreement..." Karen Delaney and Gerald Delaney conspired (made an agreement) with William D'Errico Jr and Lisa D'Errico, to help them take my son away from me. When they were unsuccessful at terminating my parental rights by proving to NH Family Court that I was a sex worker they decided that they should be entitled to some of the proceeds of my sex work and they requested that NH Family Court order me to reimburse them for their legal fees and pay child support based on income from sex work. One of the overt acts

done to further this agreement was that Karen Delaney and Gerald Delaney paid the attorney for William D'Errico Jr and they were present in court to show support.

17. Lisa D'Errico's mother has a good relationship with my son. I don't think Lisa D'Errico's mother has any biological grandchildren so my son is basically her only grandchild. My son only has positive things to say about Lisa's mom and the few times I met her she was fairly pleasant. Lisa's mom has never gotten involved in the legal drama associated with this case. Despite the fact that Lisa's mom doesn't have any biological grandchildren of her own, she seems to understand the role of a grandmother. Karen Delaney has always made me feel like she wanted Lisa D'Errico to be my son's mom and not me. Lisa's own mother never even did that. Karen Delaney could have chosen to keep her opinions to herself and stay out of this messy situation like Lisa's mom did but instead she chose to insert herself in such a way that made everything much worse.

18. I don't know Gerald Delaney as well as I know his wife, Karen Delaney. I was told that Gerald Delaney is an intelligent college degree holder who was successful in his career before he retired. If that is true, then I don't understand why he would knowingly insert himself in such a messy situation. Somehow Karen Delaney was able to convince her husband to support this harebrained plan and he did. After paying the attorney's fee, Gerald Delaney also showed up in court to further prove his support for William D'Errico Jr's attempt to violate my Parental Rights etc.

19. Part C states: "...knowledge that a person willfully engages in illegal activity does not under any circumstance constitute control by the knowledgeable person..." The Defendants used their knowledge that I

participated in illegal sex for money to deprive me of my rights
(including Parental Rights) and exploit me for money.

20. Part C also states: "...Plaintiff is a college educated person..." The fact
that I do not have a college degree, only the mountain of debt to prove
how much time I wasted, is irrelevant.

21. Part C (1) demonstrates a confusing method of numbering paragraphs
in this pleading. It is possible that one of the Federal Rules of Civil
Procedure was not followed closely enough.

22. I am not a perjurer. These people are desperate to demonize me.

23. Several claims were made in Part C (1):

    a. "...Plaintiff has advanced these allegations in a frivolous manner in
    order to draw attention to her [the Plaintiff's] dissatisfaction with
    the numerous previous rulings..."

        i. I started complaining about NH Family Court in 2017 prior
        to any orders being issued regarding custody. I actually
        filed a complaint in this Court in 2017 regarding Judge
        Michael Ryan violating my right to due process. Since then
        a lot more has happened. Human Trafficking is **not** a
        frivolous matter. This is a very serious situation. This case
        should not be dismissed.

    b. "This case... ...may be paranoid pro se litigation, arising out of a
    bitter custody fight and alleging, as it does, a vast, encompassing
    conspiracy; and before defendants in such a case become
    entangled in discovery proceedings, the plaintiff must meet a
    high standard of plausibility."

      i.   The Defendants are making a desperate attempt to avoid discovery because hard evidence of wrongdoing will be presented to this Court and potentially made public. There is already a high standard of plausibility in this case because the various co defendants in this case have admitted to some level of wrongdoing in their Motions to Dismiss. Karen Delaney and Gerald Delaney admitted to knowing that I was working as a sex worker. They did not deny paying the attorney and they admitted to being present at court. Any reasonable person can see that I have met a very high standard of plausibility already. When documents are filed in discovery there will be even more hard evidence to support my allegations.

24. Part D (1) mentions 22 USC 7102. I should have included that in my initial Complaint. I didn't know about it then.

25. Part D (2) defines human trafficking

26. Part D (3) defines sexual slavery

27. Part D (4) seems to argue that I was not "forced" to perform commercial sex acts. That is not true. The Defendants admitted that they had knowledge of the fact that I was a sex worker. The Defendants paid an attorney to persuade NH Family Court that I should pay William D'Errico Jr a portion of the proceeds from commercial sex acts that I had performed in the past. They also persuaded NH Family Court to order me to pay an exorbitant amount going forward even though the only income that was mentioned and estimated was income from sex work. They wanted the court to compel me to share the proceed of my sex work. Unfortunately, NH Family Court did what the Defendants wanted and it all amounts to sex trafficking based on laws in New Hampshire

and Massachusetts, as well as several Federal laws. The Defendants conspired to deprive me of my parental rights, they proved that I was a sex worker, then they demanded proceeds from my sex work. Those are the facts. This is a case of blatant exploitation.

28. Part D (5) is based on faulty logic. I explained in the previous paragraph how the Defendants played a part in this case of exploitation. I have stated a very plausible claim. My claims are easily proved by NH Family Court Orders as well as Motions and Evidence filed with NH Family Court.

29. Part E seems to have a typo so it is difficult to understand. I have no control over whether the authorities investigate this matter but I did already report it to several agencies including the FBI.

30. The Conclusion of the Defendants Motion to Dismiss requests that this Court Dismiss the 34th, 47th, and 48th Claims from my initial Complaint. No part of my initial complaint should be dismissed. All of my claims are factual and there is obvious wrongdoing on the part of the Defendants. The Defendants are simply trying to avoid letting the proof of their wrongdoing come to light in Discovery. It would go contrary to the concept of Justice to dismiss any part of my initial complaint. I am requesting that this Court DENY the Defendants Motion to Dismiss in its entirety.

31. The final paragraph of the Defendants Motion to Dismiss is complete nonsense. Before filing my initial Complaint with this Court, I have never filed a single motion in any court against Karen Delaney or against Gerald Delaney. If Karen Delaney and Gerald Delaney had behaved like normal grandparents and stayed out of the custody dispute, they would not be in this situation now. The Defendants brought this upon themselves. The Defendants do not want me to get

Equal Justice in this Court or in any other Court. Please disregard the nonsense request in the closing paragraph of the Defendants Motion to Dismiss. That request is yet another example of them treating me like a second class citizen. I deserve the same right as any other citizen, to bring a case to court when necessary.

32. I am requesting that this Court DENY the Defendants' Motion to Dismiss in its entirety.

February 22, 2021

Andrea Brooks

96 Old County Road

Winchendon, MA 01475