UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Andrea Brooks,                          \*
    Plaintiff                         \*
                                        \*
v.                                      \*   Civil No. 4:20-cv-40148-DHH
                                        \*
William Albert D'Errico, Jr., et. al.,  \*
    Defendants                        \*
                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### THE JUDICIAL DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO THE JUDICIAL DEFENDANTS' MOTION TO DISMISS

Pursuant to leave granted by this Court in accordance with Local Rule 7.1(b)(3), the judicial defendants, by and through their counsel, the New Hampshire Office of the Attorney General, reply to plaintiff Andrea Brooks' objection to their motion to dismiss as follows:

1.  First, with respect to Ms. Brooks' objection to the judicial defendants' personal jurisdiction argument, her reliance on Calder v. Jones, 465 U.S. 783 (1984) is misplaced. In Calder, the Supreme Court held that the California Superior Court had personal jurisdiction over residents of Florida who wrote a purportedly libelous article about a California resident for the National Enquirer where: (1) the Floridians made phone calls to sources in California to gather information for the article and called the plaintiff's home in California prior to publication to elicit a response from her husband; and (2) the National Enquires' weekly sales in California (approximately 600,000) were nearly twice as high as the next highest state (approximately 315,000). Id. at 785–86. The Calder Court explained that California's jurisdiction over the Floridians was proper because these facts showed that their purportedly tortious conduct was "expressly aimed at California" such that they could "reasonably anticipate being haled into

1

court there. . . ." Id. at 790.  Specifically, the Floridians had written and edited an article that "they knew would have a potentially devastating impact on [the plaintiff]," and "they knew that the brunt of that injury would be felt by respondent" in California.  Id. at 789–90 (underline added).

2. In her objection, Ms. Brooks asserts for the first time that the judicial defendants' "targeted" their conduct "at Massachusetts" by issuing orders pertaining to Ms. Brooks, who claims to be a resident of that commonwealth.  See ECF #44 (Pl.'s Obj.) ¶ 1(b)(4–5).  However, based on the facts alleged—which bear no resemblance to Calder—there is no reason to believe that the judicial defendants could "reasonably anticipate being haled into court" in Massachusetts.  For one, Ms. Brooks represents that the judicial defendants were aware that Ms. Brooks was living and working in Maine, not Massachusetts.  See Docket #1 (Compl.) ¶ 43 (acknowledging judicial order which stated that she "lives in S. Portland Maine"); id. ¶ 44 (asserting that the "New Hampshire Family Court noted that there was evidence that I was working as an escort in Maine.").  Moreover, unlike the Floridians in Calder, the judicial defendants enjoy reasonable expectations of absolute judicial immunity that precludes them from being haled into court anywhere based on their judicial conduct, let alone into a foreign jurisdiction's courts.  Under these circumstances, and for the reasons otherwise articulated in their memorandum of reasons in support of their motion to dismiss, see Docket #17 at 5–6, the judicial defendants have never had reason to anticipate being haled into court in Massachusetts.

3. Next, with respect to Ms. Brooks' objection to the judicial defendants' Eleventh Amendment argument, she asserts that the Eleventh Amendment does not afford "people" the right to violate the law.  Pl.'s Obj. ¶ 1(d)(1).  The judicial defendants agree that the Eleventh

Amendment does not afford "people" such a right; it does, however, bar her claims against the NH Family Court as an arm of the State of New Hampshire.

4.  As to Ms. Brooks' objection to the judicial defendant's judicial immunity and quasi-immunity arguments, she appears to rely on Randall v. Brigham, 74 U.S. 523, 536 (1868), to suggest that judicial immunity "perhaps" may not apply "where the acts are palpably in excess of the jurisdiction of the judges, and are done maliciously or corruptly." However, she has not pleaded facts that fall within such an extremely narrow exception to the very broad judicial and quasi-judicial immunity rules. Specifically, she has provided no reason to believe that any of the judicial defendants acted "palpably in excess" of their jurisdiction. Moreover, her claim that the judicial defendants acted "maliciously," "corruptly," or the like are purely conclusory assertions that are implausible based on the facts plead. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that "[t]he plausibility standard . . . asks for more than a sheer possibility that defendant has acted unlawfully").

5.  Ms. Brooks suggests that even if judicial immunity applies, this does not preclude her from recovering attorney's fees against the judicial defendants. See Pl.'s Obj. ¶ 1(d)(3–4). However, she is unrepresented by counsel in this matter. Moreover, even if represented, she could only receive fees if she prevailed against the judicial defendants. But because the judicial defendants enjoy immunity against Ms. Brooks' claims, she cannot prevail against them. A statutory authorization of attorney's fees does not uproot deeply settled doctrines of judicial and quasi-judicial immunity.

6.  Finally, in responding to the judicial defendants' argument that her complaint fails to state a claim upon which relief can be granted, Ms. Brooks merely continues to rely on conclusory assertions unsupported by well-pleaded facts. See Pl.'s Obj. ¶ 1(e). Specifically, in

support of her argument that "I actually stated several claims," she relies on the bare assertion that "[t]he [j]udicial [d]efendants issued court orders that violate both NH State laws and Federal laws." For the reasons articulated in support of the judicial defendants' motion to dismiss, see Docket #17 at 8–9, Ms. Brooks' complaint provides no plausible basis for inferring that such conclusory assertions may be true, see Iqbal, 556 U.S. at 678. She offers nothing to cure that deficiency in her objection.

WHEREFORE, the judicial defendants respectfully request that this Honorable Court:

A. Grant their motion to dismiss; and

B. Grant such other and further relief as is just and proper.

Respectfully submitted,

NEW HAMPSHIRE FAMILY COURT, 9TH CIRCUIT / MARITAL MASTER ALICE S. LOVE / JUDGE SUSAN B. CARBON / REFEREE LAUREN THORN / JUDGE MARK S. DERBY / JUDGE JULIE INTROCASO / JUDGE MICHAEL RYAN

By their attorney,

THE NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL

February 25, 2021

/s/ Anthony J. Galdieri
Anthony J. Galdieri, BBO No. 672450
Senior Assistant Attorney General
NH Department of Justice
Office of the Attorney General
33 Capitol Street
Concord, NH 03301
(603) 271-3650

5

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing reply to Plaintiff's objection to judicial Defendants' motion to dismiss was mailed this 25th day of February 2021, postage prepaid, to:

        Andrea Brooks
        96 Old County Road
        Winchendon, Massachusetts 01475

                            /s/ *Anthony J. Galdieri*
                            Anthony J. Galdieri, BBO No. 672450