United States District Court for the

District of Massachusetts

March 1, 2021

Case Number 4:20-cv-40148-DHH

Brooks v. D'Errico et al

Objection to Motion to Dismiss Filed by Walden Security

Now comes Andrea Brooks, the Plaintiff in this case.

I object to the Motion to Dismiss filed by Walden Security. I will respond in detail to the Motion and the Memorandum filed by Walden Security (the Defendant).

## My Objection to the Motion

I. I was in fact a participant in multiple courtroom hearings in New Hampshire Family Court in Merrimack, New Hampshire.

II. I am claiming that Walden Security is responsible for:

1. Negligent infliction of emotional distress
2. Intentional infliction of emotional distress
3. Negligent failure to protect
4. Deprivation of rights
5. Discrimination

III. Negligent Infliction of Emotional Distress:

1. Negligence - Walden Security was negligent in their duty to ensure the safety of everyone in the courthouse. Walden Security had knowledge of the contentious proceedings in my case yet there was no

security officer present on the second floor of the courthouse when William D'Errico Jr assaulted my son and me on September 5, 2019.

    2.    Emotional Distress - My son and I suffered emotional distress as a result of Walden Security's negligent failure to keep us safe while we were in the Merrimack New Hampshire Courthouse. I was sweating and visibly shaken up after the incident on September 5, 2019. WIlliam D'Errico Jr had to be removed from the second floor area and I did my best to reassure my son that he would be okay.

    3.    Causation - The fact that the Defendant was not present on the second floor was the cause of my emotional distress. The Defendant had a duty to protect everyone in the courthouse but that duty was breached.

    4.    Physical harm manifested by objective symptomatology - I don't know what this means.

    5.    A reasonable person would have suffered emotional distress under the circumstances of this case.

IV.    Intentional Infliction of Emotional Distress

    1.    The Defendant knew that their actions would cause emotional distress. The Defendant stood over me menacingly with the intention of intimidating me into silence. The Defendant was a willing participant in violating my rights.

    2.    The Defendant's conduct was extreme and outrageous.

    3.    The Defendant's conduct caused me emotional distress.

    4.    The emotional distress that I suffered was severe. I documented my emotional distress when I participated in treatment for Post Traumatic Stress Disorder (PTSD).

V.    Negligent Failure to Protect

      1.     Duty - The Defendant had a duty to protect my son and me.

      2.     Breach - The Defendant breached that duty.

      3.     Causation - The Defendant could have prevented the harm that was done to my son and me.

      4.     Damages under New Hampshire law - Based on the failure the protect, I am entitled to damages under New Hampshire law (RSA 507:7)

VI.    42 USC 1986 Failure to Prevent Conspiracy...

      1.     The Defendant had knowledge of the conspiratorial wrongs. The Defendant conspired with the Judicial Defendants to deprive me of my rights.

      2.     The Defendant had power to prevent or to aid in preventing the conspiracy to deprive me of my rights. The Defendants could have chosen not to participate in this wrongdoing.

      3.     Instead of preventing the wrongdoing, the Defendant actually participated in the conspiracy to deprive me of my rights.

      4.     The conspiracy to deprive me of my rights was carried out by all of the defendants in this case.

      5.     The wrongful acts could have been prevented.

VII.    42 USC 1983

      1.     Several rights secured by the Constitution or laws of the United States were violated including but not limited to:

            a.     Thirteenth Amendment

            b.     Trafficking Victims Protection Act

            c.     Fourteenth Amendment

      2.     The violation was committed by people who were acting under the color of state law.

**My Response to the Memorandum of Law**

Walden Security's Motion should be DENIED because I did state a claim upon which relief can be granted.

The Defendant seems to have an issue with the lack of detail in my initial Complaint. I did my best to convey the facts in a concise manner as instructed. I am eager to provide more detail regarding this situation as the case proceeds.

**My Response to Factual Background and Procedural History**

The Defendant is confirming that they are the contract security company that was providing security services at the courthouse in Merrimack, New Hampshire in 2019.

The Defendant goes on to clearly and concisely summarize my claim against them which includes:

- negligent infliction of emotional distress
- intentional infliction of emotional distress
- negligent failure to protect
- deprivation of rights
- discrimination (based on perceived race)

The Defendant also includes some of the facts that I alleged in my initial Complaint to support my "myriad" of claims:

- "Walden Security failed to protect her and her son from an assault perpetuated by D'Errico at the courthouse"
- "Walden Security was not present on the second floor of the courthouse while D'Errico was assaulting her and her son"
- "an unnamed Walden Security employee repeatedly tried to silence me during hearings"
- "the white security officer chose to treat the only nonwhite person like a criminal"

4

## My response to Legal Standard

This section includes a fancy explanation for how this Court should assess whether or not to dismiss my case but my response is simple. This case should not be dismissed because my initial Complaint does in fact allege a "plausible entitlement to relief." Relief can and should be granted by this Court.

## My Response to Argument

A.   Statement of Claim for Negligent Infliction of Emotional Distress

The Defendant is arguing that I did not include enough detail to prove specific injuries. The instructions for filing the initial Complaint guided me to briefly describe the issue. I was not supposed to make legal arguments in my initial Complaint. I did include the docket number for the Order of Protection that was granted in 2019 following the incident at the Merrimack, NH courthouse. The Defendant failed to keep my son and me safe when we were at the courthouse. Due to the negligence of the Defendant, William D'Errico Jr was able to be physically aggressive and intimidating toward my son and me in the courthouse. The Defendant breached their duty to protect us.

My claim for negligent infliction of emotional distress should not be dismissed because I made a valid claim and proof will be provided in Discovery.

B.   Statement of Claim for Intentional Infliction of Emotional Distress

I think the Defendant is attempting to downplay the severity of the distress I suffered. That is heartless. The Defendant played an important role in this case. The Defendant is responsible for Intentional Infliction of Emotional Distress because the Defendant participated in the conspiracy to violate my rights by intentionally failing to protect my son and me. The

5

Defendant also willfully attempted to intimidate me and silence me on multiple occasions at the courthouse in Merrimack, New Hampshire.

My claim for intentional infliction of emotional distress should not be dismissed because I stated a valid claim and proof will be provided in Discovery.

### C.  Statement of Claim for Negligent Failure to Protect

The Defendant had a duty to protect everyone in the courthouse in Merrimack, New Hampshire therefore, the Defendant had a duty to protect me when I was at the courthouse. The defendant breached that duty which caused the distress I suffered.

My claim for negligent failure to protect should not be dismissed because I stated a valid claim and proof will be provided in Discovery.

### D.  Section 1986 claim

The Defendant was aware of the conspiracy to deprive me of my rights. It was apparent to me that the Defendant was a co conspirator because the Defendant took measures to intimidate me. Not only did the Defendant fail to protect me from the conspiracy, the Defendant actually participated in bullying me at the courthouse. The video surveillance from the courthouse has evidence that supports this claim.

My section 1986 claim should not be dismissed because I stated a valid claim and proof will be provided in Discovery.

### E.  Section 1983 claim

A cause of action exists based upon the deprivation of my civil rights. The Defendant was working as a security guard for the courthouse and was acting under color of law, using the authority of the state to deprive me of my

federally protected rights. I believe I did provide sufficient facts in my initial Complaint to support this claim.

    (a)    First Amendment deprivation and Discrimination

The Defendant tried to silence me during court hearings when I had the Constitutionally protected Right to speak. Courtroom surveillance videos have proof of this happening.

Racial discrimination is simple to prove in this case. I am the only nonwhite person in this case. I am also the person that all of the defendants exploited and deprived of rights. It doesn't matter if they did this to me because of my perceived race. The relevant fact is that I am a nonwhite citizen who was deprived of rights that are enjoyed by white citizens. I was deprived of those rights by a group of white people in positions of power.

    1.    I am a member of a protected class. I am a dark skinned, black hispanic woman. My ancestry is both African and Indigenous to Central America. I am perceived to be a black person.

    2.    I was engaged in conduct that was protected by the statutes; and

    3.    I was treated less favorably than the white people involved in the case. The Defendant did not attempt to intimitate William D'Errico Jr the way they did to me. We should have been treated equally.

    (b)    Deprivations were committed under the color of law

The Defendant was working as a security guard for the courthouse and was acting under color of law, using the authority of the state to deprive me of my federally protected rights. I believe I did provide sufficient facts in my initial Complaint to support this claim.

    a.    Public Function Test

   I disagree with the argument the Defendant made. I believe the unnamed Walden Security employee was acting under the color of state law and passed the public function test. Courthouse security officers are generally regarded in the same way police officers are.

  b. State-Compulsion Test

   I believe Walden Security was operating under the color of state law at the direction of the state. Therefore this satisfies the state-compulsion test.

  c. Nexus between Walden Security and the state

   The nexus between Walden Security and the state is obvious and apparent. Walden Security was contracted by the state to act on behalf of the state. The unnamed Walden Security employee was a state actor because he was hired by the company that was contracted by the state to act on behalf of the state. The connection is obvious.

## Conclusion

  I am requesting that this court DENY the Motion to Dismiss filed by Walden Security.

*[Signature]* (Pro Se)  March 4, 2021

Andrea Brooks
96 Old County Road
Winchendon, MA 01475

8