UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREA BROOKS<br>　　　　　　**Plaintiff,**<br><br>　　　v.<br><br>GERALD THOMAS DELANEY, KAREN R. DELANEY, ET AL.<br>　　　　　　**Defendants.** | CIVIL ACTION<br>NO. 4:20-40148-TSH |

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 19)

**March 22, 2021**

**HILLMAN, D.J.**

　　Andrea Brooks ("Plaintiff") filed this action *pro se* alleging claims under federal law, New Hampshire law, and the U.S. Constitution arising out of New Hampshire Family Court child custody proceedings in 2016-2019 concerning her parental rights regarding her minor son. Defendants include various family court judges or court officers and private individuals who participated in or were involved with the custody proceedings and dispute.

　　Gerald Thomas Delaney and Karen R. Delaney ("Defendants") are the paternal grandparents of Plaintiff's son. Plaintiff alleges violations of the Thirteenth and Fourteenth Amendments to the U.S. Constitution; 22 U.S.C. § 7107; 18 U.S.C. § 241, 242, 1509, 1589, 1590, 1593, 1594, 1595, 2261, 2261A, 2264, 2265, 2421, 2421A, 2422, and 2428; 28 U.S.C. § 1441 and 1449; 42 U.S.C. § 1981, 1983, 1985, and 1986; and N.H. RSA § 633:7.

　　Defendants move to dismiss all claims against them under Fed. R. 12(b)(6). (Docket No. 19). For the following reasons, the Court ***grants*** Defendants' motion.

## Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).  To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff appears *pro se*, the Court construes her pleadings more favorably than it would those drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, Plaintiff must comply with procedural and substantive law.  *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## Discussion

It is impossible to say which of the 30 statutes listed as the Court's basis for jurisdiction—including 23 federal and state sex trafficking or civil rights laws, and the Thirteenth and Fourteenth Amendments—Plaintiff is asserting against Defendants. (*See* Comp. at 3-5, Docket No. 1).

Plaintiff's broader legal theory in this case is that members of the D'Errico family (including Defendants), their attorney, and various judges and judicial officers of the New Hampshire Family Court committed human trafficking by participating in legal proceedings, making judicial recommendations, or issuing child support orders requiring Plaintiff to pay child support when they were aware her only source of income was sex work, and that their actions violated dozens of laws and constitutional rights against trafficking, involuntary servitude, and the right to due process.  However, Plaintiff's allegations about Defendants' role in the alleged conspiracy to force her to perform sex work and to deprive her of her parental rights are threadbare.

In the span of her dense nineteen-page Complaint, Plaintiff has next to nothing to say about the Defendants' conduct in the scheme.  She offers a bare allegation that in 2017 they "conspired with William D'Errico Jr and Lisa D'Errico to . . . violate my parental rights and force me into sexual slavery," without explaining how.  (¶¶ 34, 47).  She does not allege that Defendants appeared in the custody proceedings at the center of her suit or ever demanded money from her, as she alleges the D'Erricos have done.  In fact, the only affirmative act Plaintiff alleges that Defendants took to further the conspiracies against her was paying the legal fees of the D'Errico's New Hampshire family court attorney.  (¶ 47).  Without more, she has failed to state a plausible entitlement to relief based on any of the statutes listed in the Complaint or the Thirteen or Fourteenth Amendments.

Plaintiff also alleges that Defendants "were willing conspirators in intentionally inflicting emotional distress on my son and me" on September 5, 2019, a day on which it appears from the Complaint that at least Plaintiff, her son, and co-Defendant William D'Errico were present at the New Hampshire Family Court for legal proceedings.  (¶ 48).  What the Defendants' involvement

was on September 5, 2019 is never explained; Plaintiff has alleged that William D'Errico assaulted her and her son at the Merrimack courthouse on that date, but not that Defendants were present or even aware of the alleged assault. *(*¶ 57). Even if Plaintiff had pled that Defendants intended to instigate the September 5, 2019 incident to cause Plaintiff severe distress, absent any facts about the nature or force of the alleged assault Plaintiff has not pled "outrageous and extreme" conduct so "extreme and outrageous" as to be "beyond all possible bounds of decency," which is the high bar the First Circuit has set for recovery on intentional infliction of emotional distress tort claims. *Young v. Wells Fargo Bank*, N.A., 717 F.3d 224, 240 (1st Cir. 2013). Accordingly, her intentional infliction of emotional distress claim must also be dismissed.

The Court thus **_grants_** the Defendants' motion to dismiss Plaintiff's claims against them.

## Conclusion

For the reasons stated above, Defendants' motion is granted. (Docket No. 19). The Court dismisses Plaintiff's claims against Defendants.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**