UNITED STATES DISTRICT COURT

|  |  |
|---|---|
| ANDREA BROOKS )<br>             Plaintiff, )<br> )<br>       v. )<br> )<br>CYNTHIA P. GILMAN, ET AL. )<br>             Defendants. )<br> ) | CIVIL ACTION<br>NO.  4:20-40148-TSH |

### ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 14)

**March 22, 2021**

**HILLMAN, D.J.**

Andrea Brooks ("Plaintiff") filed this action *pro se* alleging claims under federal law, New Hampshire law, and the U.S. Constitution arising out of New Hampshire Family Court child custody proceedings in 2017 concerning her parental rights regarding her minor son. Defendants include the New Hampshire Family Court, various family court judges or court officers, and private individuals who participated in or were involved with the custody proceedings and dispute.

Defendant Cynthia P. Gilman ("Defendant") was William A. D'Errico, Jr. ("D'Errico") and Lisa D'Errico's attorney during the 2017 custody proceedings before the 9th Circuit Family Division of the New Hampshire Family Court in Merrimack, New Hampshire.  (Comp. ¶ 47, Docket No. 1).  D'Errico, Jr. is the father of Plaintiff's son; Lisa D'Errico is D'Errico's wife.  (¶¶ 17-18).

As best as the Court can decipher, Plaintiff alleges that Defendant conspired with D'Errico, Jr. and Lisa D'Errico "to traffick [her] through the New Hampshire Family Court" and

"abusing the legal process" by "helping William D'Errico and Lisa D'Errico traffic [her]" in violation of the Thirteenth and Fourteenth Amendments; 22 U.S.C. § 7107; 18 U.S.C. §§ 241, 242, 1509, 1589, 1590, 1593, 1594, 1595, 2261, 2261A, 2264, 2265, 2421, 2421A, 2422, and 2428; 28 U.S.C. §§ 1441 and 1449; and 42 U.S.C. §§ 1981, 1983, 1985, and 1986.  (¶ 40, 47).  Defendant moves to dismiss all claims against her.  (Docket No. 14).  For the following reasons, the Court **_grants_** Defendant's motion.

## Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).  To survive the motion, the complaint must allege "a plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff appears *pro se*, the Court construes her pleadings more favorably than it would those drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, Plaintiff must comply with procedural and substantive law.  *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

**Discussion**

Plaintiff has failed to state any plausible claim for relief against Defendant. Excluding references providing Defendant's name and address, Plaintiff identifies Defendant six times in her complaint.

1. Defendant "was helping William D'Errico and Lisa D'Errico traffic [sic] [Plaintiff] by abusing the legal process." (¶ 40).
2. Defendant "…provided the evidence [to the family court] of [Plaintiff] being a sex worker." (¶ 47).
3. "[Co-Defendants] Gerald and Karen helped William and Lisa pay their attorney, Cynthia Gilman." (¶ 47).
4. Defendant "provided evidence to the New Hampshire Family Court that [Plaintiff] was working as a prostitute." (¶ 47).
5. Defendant "conspired with her clients to traffik [sic] [Plaintiff] through the New Hampshire Family Court." (¶ 52).
6. Plaintiff states that a security guard at the courthouse treated her "…like I was a major threat but…did not treat Cynthia Gilman that way." (¶ 52).

The first and fifth allegations are part of Plaintiff's broader theory that members of the D'Errico family, the Defendant, and various judges of the New Hampshire Family Court committed human trafficking by participating in legal proceedings, making judicial recommendations, or issuing a child support order on August 17, 2017 requiring Plaintiff to pay child support when they were aware her only source of income was sex work, and their actions violated dozens of laws and constitutional rights against trafficking, involuntary servitude, and the right to due process. However, the allegations in the Complaint supporting this theory are conclusory and do not supply facts adequate to show that Plaintiff has a "plausible entitlement to relief" against Defendant. *See Twombly*, 550 U.S. at 557, 559. Plaintiff has not provided dates or specific acts or other supporting facts showing how Defendant violated her legal rights beyond these six conclusory allegations.

The second and fourth allegations that Defendant provided evidence that Plaintiff was earning income from sex work to the New Hampshire Family Court do not state a claim; the evidence was likely relevant to the family court proceedings concerning Plaintiff's ability to pay child support to provide for her son, who appears to have been living with D'Errico, Jr. at the time because a Massachusetts court awarded him custody in 2012 or 2013.  (¶ 23, 39) Furthermore, Plaintiff does not allege that the evidence Defendant provided to the family court was false (see ¶¶ 43-45, 47, 52); Plaintiff acknowledges that she began working as an escort in 2013 due to financial necessity, and that she had no income aside from disability benefits that she began receiving in December 2017.  (¶¶ 17, 44).

The third bare allegation, that William and Lisa D'Errico's family members paid Defendant's legal fees, does not state a claim against Defendant without some further allegation of illegal conduct or purpose.

The sixth allegation—that a court security officer treated Plaintiff, a woman of color, differently than others present in the courtroom based on her race or national origin—is not a claim against Defendant.

The Court thus ***grants*** the Defendant's motion to dismiss Plaintiff's claims against her.

## Conclusion

For the reasons stated above, Defendant's motion is ***granted***.  (Docket No. 14).  The Court dismisses Plaintiff's claims against Defendant.


**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
