UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREA BROOKS<br>          Plaintiff,<br><br>v.<br><br>ALICE S. LOVE, JUDGE SUSAN B. CARBON, LAUREN THORN, JUDGE MARK S. DERBY, JUDGE JULIE INTROCASO, AND JUDGE MICHAEL RYAN, ET AL.<br>          Defendants. | CIVIL ACTION<br>NO. 4:20-40148-TSH |

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS (Docket No. 16)

**March 22, 2021**

**HILLMAN, D.J.**

     Andrea Brooks ("Plaintiff") filed this action *pro se* alleging claims under federal law, New Hampshire law, and the U.S. Constitution arising out of New Hampshire Family Court child custody proceedings from 2016-2019 concerning her parental rights regarding her minor son. Defendants include various family court judges or court officers, and private individuals who participated in or were involved with the custody proceedings and dispute.

     Defendants Alice S. Love, Susan B. Carbon, Lauren Thorn, Judge Mark S. Derby, Judge Julie Introcaso, and Judge Michael Ryan ("Defendants") are judicial and quasi-judicial officers of the 9th Circuit Division of the New Hampshire Family Court in Merrimack, New Hampshire.[1]

---

[1] In her opposition to the motion, Plaintiff states that she should have also designated the New Hampshire Family Court as an additional defendant. (Docket No. 44 at 3). I cannot dismiss defendants who are not named in the Complaint but wish to note that the doctrine of judicial immunity, discussed *supra*, includes the courts as institutions as well as individual court officers

1

Plaintiff alleges that their conduct in the state child custody proceedings at various points in 2016-2019 violated the Thirteenth and Fourteenth Amendments to the U.S. Constitution; 22 U.S.C. § 7107; 18 U.S.C. §§ 241, 242, 1509, 1589, 1590, 1593, 1594, 1595, 2261, 2261A, 2264, 2265, 2421, 2421A, 2422, and 2428; 28 U.S.C. §§ 1441 and 1449; 42 U.S.C. §§ 1981, 1983, 1985, and 1986.Defendants move to dismiss all claims against them under Fed. R. 12(b)(1), b(2), and b(6).  (Docket No. 16).  For the following reasons, the Court **_grants_** Defendants' motion.

## **Legal Standard**

When a party moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the party asserting jurisdiction has the burden to establish through competent proof that jurisdiction exists." *White v. Comm'r*, 899 F. Supp. 767, 771 (D. Mass. 1995).  In evaluating whether the party has met its burden of proof, the court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000).

A plaintiff bears "the burden of establishing that jurisdiction over the defendant lies in the forum state." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).  When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the court may proceed to adjudication by one or another among several different methods." *Boit v. Gar-Tec Prod.*, Inc., 967 F.2d 671, 674 (1st Cir.

---

such as judges.  See *Radion v. New Hampshire Supreme Court*, 84 Fed.Appx. 105 (1st Cir. 2003) (affirming dismissal of complaint against New Hampshire Supreme Court on grounds of judicial immunity).  Furthermore, the New Hampshire Family Court is immune from suit under the Eleventh Amendment, which bars suits against the states in federal court, as the family court is an administrative arm of the state of New Hampshire. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (holding that "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before ratification of the Constitution, and which they retain today"); *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002).

1992).  The most commonly used standard, applicable here, is the prima facie standard.  *Id.* at 675.  Under the prima facie standard, a court considers "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  *Id.*  A plaintiff "ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts" supporting jurisdiction.  *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995).

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).  To survive the motion, the complaint must allege "a plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff appears *pro se*, the Court construes her pleadings more favorably than it would those drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, Plaintiff must comply with procedural and substantive law.  *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

**Discussion**

It is not necessary to look beyond Defendants' judicial and quasi-judicial immunity to address whether Plaintiff stated sufficient facts to make out a plausible claim for relief or whether this Court lacks personal jurisdiction over them in their capacity as New Hampshire citizens.

"Few doctrines are more solidly established at common law than the immunity of judges from liability or damages for acts committed within their judicial jurisdiction . . ." *Pierson v. Ray*, 386 U.S. 547, 5653 (1967). While absolute judicial immunity is limited for functions "not normally performed by a judge" and which are outside his or her "judicial capacity," or for "judicial actions taken in the clear absence of all jurisdiction," neither limitation applies here. *See Cok v. Cosentino*, 876 F.2d 1,2 (1st Cir. 1989); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). Quasi-judicial immunity extends that absolute immunity to "those who perform tasks that are inextricably intertwined with the judicial function." *Nystedt v. Nigro*, 700 F.3d 25, 31 (1st Cir. 2012).

Under the judicial immunity doctrine, Judges Introcaso, Ryan, and Derby are immune from suit because they were acting within their judicial capacity to adjudicate the custody dispute between D'Errico, Jr. and Plaintiff during all the events pled by Plaintiff in her Complaint. That immunity extends to Hearing Officer Thorn, who provided Judge Introcaso with an estimate of Plaintiff's income for the family court's child support determination (¶¶ 38-39, 43, 53); Court Referee Carbon, who denied Plaintiff's request for a waiver of court filing fees (¶ 31); and Court Referee Love, who worked with Thorn to prepare child support order recommendations concerning Plaintiff for Judge Introcaso. (¶¶ 38, 40, 43, 52). All the alleged actions by the non-

4

judicial officers in the Complaint are inextricable intertwined with the Court's work, and so they are protected from suit under the quasi-judicial immunity doctrine.

The Court thus **_grants_** the Defendants' motion to dismiss Plaintiff's claims against them.

## Conclusion

For the reasons stated above, Defendants' motion is **_granted_**.  (Docket No. 16).


**SO ORDERED.**

**_/s/ Timothy S. Hillman_**
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
