**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDREA BROOKS | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| METROPOLITAN SECURITY SERVICES | ) |
| INC., D/B/A WALDEN SECURITY, ET | ) |
| AL. | ) |
| **Defendants.** | ) |
| | ) |

CIVIL ACTION
NO.  4:20-40148-TSH

<u>ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 22)</u>

**March 22, 2021**

**HILLMAN, D.J.**

Andrea Brooks ("Plaintiff") filed this action *pro se* alleging claims under federal law, New Hampshire law, and the U.S. Constitution arising out of New Hampshire Family Court child custody proceedings in 2016-2019 concerning her parental rights regarding her minor son. Defendant Metropolitan Security Services Inc., d/b/a Walden Security ("Defendant"), is the company responsible for security in the Merrimack, New Hampshire courthouse where Plaintiff's child custody proceedings took place. (Comp. ¶ 57, Docket No. 1).

Plaintiff alleges that Defendant failed to protect her and her son in an incident in the courthouse on September 5, 2019 and improperly attempted to intimidate or silence her on other occasions during hearings, and is liable for negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent failure to protect, and violation of her First Amendment right to speak in court.  (¶¶ 57-59).

Defendant moves to dismiss all claims against it under Fed. R. Civ. P. 12(b)(6).  (Docket

No. 22).  For the following reasons, the Court ***grants*** Defendant's motion.

## Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual

allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.

*Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).  To survive the motion,

the complaint must allege "a plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 559 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of

the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the

complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff appears *pro se*, the Court construes her pleadings more favorably than it

would those drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, Plaintiff must comply with procedural and substantive law.  *See Ahmed v.

Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## Discussion

The scant facts provided in Plaintiff's complaint are not enough to make out a plausible

claim for relief on any of her causes of action against Defendant.

Plaintiff's negligent failure to protect, intentional infliction of emotional distress, and negligent infliction of emotional distress claims stem from an incident on the second floor of the courthouse on September 5, 2019.  Plaintiff recounts how Defendant "failed to protect [her] and [her] son from William D'Errico Jr." when D'Errico Jr. "assaulted" them in the courthouse.  (¶ 57).  According to Plaintiff, Defendant should have posted a security guard on the second floor whenever people were on the second floor.  (¶ 59).  However, she has not provided any detail about the nature of the assault, how long the second floor was empty, whether Defendant responded to the assault, or the assault's emotional or physical effect on her beyond stating a claim for intentional and negligent infliction of emotional distress. (¶¶ 57, 59).

Without such crucial information, I cannot discern whether Plaintiff has a plausible claim that Defendant's conduct was so "extreme and outrageous" as to be "beyond all possible bounds of decency," which is the high bar the First Circuit has set for recovery on intentional infliction of emotional distress claims.  *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 240 (1st Cir. 2013).  Nor has Plaintiff pled that Defendant's conduct caused physical harm manifested by objective symptomology, which is a requirement for negligent infliction of emotional distress. *Payton v. Abbott Labs*, 386 Mass. 540, 557 (1982).  Furthermore, Plaintiff's failure to provide basic facts about the incident also means that she has not adequately pled that Defendant owed her a duty of care and breached that duty, two required elements for both her negligence claims. *See Delmonte v. Laidlaw Envtl. Servs.*, Inc., 46 F.Supp. 2d 89, 98 (D. Mass. 1999) ("As with any sort of negligence, negligence in the context of an emotional distress claim requires that the defendant have owed plaintiff a duty of care that was breached in some way.").

Plaintiff's allegations that Defendant's agent "tried to silence her" during hearings in which she had a right to speak also fall short of the mark. She describes how "on a few

occasions" an "older male employee stood over [her] menacingly while she was trying to plead

her case," and that the person was much larger than her, did not similarly intimidate white

individuals, and that she had not given him a reason for such conduct. (¶ 58). Without providing

dates for the alleged misconduct, Defendant cannot identify which of its officers or agents has

been accused and does not have adequate notice of the charges against it to be able to craft a

defense.[1]

**Conclusion**

For the reasons stated above, Defendant's motion is ***granted***. (Docket No. 22).


**SO ORDERED.**

*/s/ **Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[1] Plaintiff alleges that the family court denied her request for copies of audio and video recordings of an August 8, 2019 hearing which shows wrongdoing by Defendant and the family court. However, she did not explain what type of wrongdoing occurred on that date. (¶ 61).