UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREA BROOKS,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM ALBERT D'ERRICO, LISA<br>D'ERRICO, ET AL.<br>    Defendants. | CIVIL ACTION<br>NO.  4:20-40148-TSH |

### ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 24)

### March 22, 2021

**HILLMAN, D.J.**

  Andrea Brooks ("Plaintiff") filed this action *pro se* alleging claims under federal law, New Hampshire law, and the U.S. Constitution arising out of New Hampshire Family Court child custody proceedings in 2016-2019 concerning her parental rights regarding her minor son. Defendants include various family court judges or court officers and private individuals who participated in or were involved with the custody proceedings and dispute. William D'Errico, Jr. ("D'Errico, Jr." or "D'Errico") is the father of Plaintiff's son, and Lisa D'Errico is his wife (collectively, "Defendants").

  Plaintiff alleges violations of the Thirteenth and Fourteenth Amendments to the U.S. Constitution; 22 U.S.C. § 7107; 18 U.S.C. §§ 241, 242, 1509, 1589, 1590, 1593, 1594, 1595, 2261, 2261A, 2264, 2265, 2421, 2421A, 2422, and 2428; 28 U.S.C. §§ 1441 and 1449; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; and N.H. RSA § 633:7.  Defendants move to dismiss all claims against

1

them under Fed. R. P. 12(b)(6) for failure to state a claim. (Docket No. 24). For the following reasons, the Defendants' motion is **_granted_**.

## Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff appears *pro se*, the Court construes her pleadings more favorably than it would those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff must comply with procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## Discussion

Plaintiff's Complaint contains a litany of allegations against Defendants which stretch back to 2009. As to William D'Errico, these include allegations that he demanded that Plaintiff pay him money from the proceeds of her sex work to provide for their son, then misused the

funds for personal purposes (¶¶ 17, 50-51); cyberstalking (¶ 17); verbal and physical assault (¶ 20); interference with Plaintiff's court-ordered visitation rights (¶¶ 26, 30, 33); and assaulting Plaintiff and her son on September 5, 2019 in the Merrimack, New Hampshire courthouse (¶¶ 57, 59). Specifically, Plaintiff alleges that in 2013, William D'Errico told her he needed $ 400 for a wood stove to keep their son's home warm, and that she "was compelled" to give him $400 he knew she had earned working as an escort, and that he made more demands, forcing her to perform more sex work, and collected more money in 2013, 2014, and 2015. (¶¶ 50-51). Plaintiff alleges that in 2015, William and Lisa D'Errico sought a court order for child support when Plaintiff stopped paying him, forcing her to continue her work as an escort to make the court-ordered payments. (¶ 51).

As to Lisa D'Errico, allegations include that Lisa harassed her when Plaintiff would not let her adopt Plaintiff's baby (¶ 18) and threatened to assault Plaintiff when she was pregnant and stated that she wanted to "beat Plaintiff up" (¶ 18-19); because Plaintiff was pregnant at the time, I assume this conduct occurred on or about 2009 or 2010 (Plaintiff's son was born in 2010).

Defendants are both residents of New Hampshire, and the disputed custody proceedings occurred in New Hampshire (it is unclear whether William D'Errico's pre-2015 demands for payment occurred in Massachusetts or New Hampshire). (¶¶ 30-31). Moreover, Plaintiff's son has been living in New Hampshire in William D'Errico's custody since mid-2015. ( *Id*.). Whether Defendants' contacts with Massachusetts are sufficient for this Court to establish personal jurisdiction over them under <u>International Shoe</u> cannot be established on the face of Plaintiff's complaint. However, Defendants have waived the Court's lack of personal jurisdiction by failing to object in their motion to dismiss. Fed. R. Civ. P. 12(h). Therefore, I will consider whether Plaintiff has stated sufficient facts to make out a claim against them.

3

It is obvious that Plaintiff took great pains to draft this Complaint, and I have tried to construe her claims generously in light of her *pro se* status. While the Complaint is not a model of clarity, the core of Plaintiff's legal theory appears to be that Defendants committed sex trafficking and enslaved her by demanding she pay them money which they knew she could only obtain through sex work, and then seeking court-mandated child support payments starting in 2015 through the New Hampshire Family Court when they knew that Plaintiff would have to perform sex work to afford the payments, and offering evidence of her occupation to the New Hampshire Family Court.

The Complaint's organizational structure makes it exceedingly difficult to discern which causes of action Plaintiff is asserting against which of the twelve Defendants, including William and Lisa D'Errico.  It lists thirty state and federal statutes, as well as the Thirteenth and Fourteenth Amendments, as the Court's basis for jurisdiction.  (Comp. at 3-4).  Some of the statutes—including 28 U.S.C. §§ 1141 and 1449, which authorize the removal of cases from state to federal court, and 18 U.S.C. § 2421 (the Mann Act)—do not support private causes of action, though most of the cited statutes relate to sex trafficking or domestic violence.  Even if I look beyond those listed statutes which are procedural rather than substantive or which do not provide a private right of action, I cannot determine which of the listed statutes Plaintiff is alleging William D'Errico and Lisa D'Errico have violated, or what facts support Plaintiff's entitlement to relief for each statute.

Moving beyond Plaintiff's purported basis of jurisdiction, the remainder of the Complaint is a narrative of the facts supporting Plaintiff's case which only identifies three laws that the D'Erricos have violated:

   1. "William D'Errico and Lisa D'Errico conspired to violate the Thirteenth Amendment to the United States Constitution by depriving me of the right not to be enslaved." (¶ 42).
   2. "William D'Errico and Lisa D'Errico also violated a New Hampshire Law that was modeled after the Thirteenth Amendment." (¶ 42).
   3. "William D'Errico Jr. assaulted my son and me in the courthouse on September 5, 2019." (¶ 57).

(Plaintiff copied the text of § 1 of the Thirteenth Amendment and N.H. RSA §633:7 after the first and second allegations.).

First, I find that Plaintiff has not stated a claim under the Thirteenth Amendment or the New Hampshire law. Plaintiff's allegations that William and Lisa D'Errico enslaved her by demanding she pay them money, and then by obtaining a court order for child support, do not constitute enslavement because she has not pled that she could not refuse their private demands— in fact, she admitted she stopped paying when D'Errico Jr. "could no longer convince [her] to give him money." (¶ 51). Furthermore, she has failed to state a claim or provide any legal basis that a child support award adjusted to her income constitutes enslavement, or that by ordering her to pay child support the family court was also ordering her to obtain the money from sex work. (¶ 54). Also, N.H. RSA § 633:7 is a criminal statute which makes knowingly compelling a person to perform a commercial sex act a Class A Felony, but it does not provide a private right of action.

Second, Plaintiff has not sufficiently pled an assault claim because she has provided no details about the manner of the assault, including D'Errico's intent, his physical movements, or their effect on her. At common law, assault is defined as "an attempt to use physical force on another, or as a threat of use of physical force." *Commonwealth v. Gorassi*, 432 Mass. 244, 247-48 (Mass. 2000). Plaintiff must do more than present a conclusory statement that D'Errico assaulted her to make out a claim.

To be sure, Plaintiff has alleged disturbing conduct against Defendants, particularly William D'Errico. Some of her allegations, such as that he had sex with her while she was intoxicated, or was verbally or physically abusive, may be criminal if proven true. (¶¶ 20, 22, 57). However, for Plaintiff's civil sex trafficking case to survive she must do more than offer "the sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, Defendants argue that Plaintiff's complaint falls afoul of Fed. R. Civ. P. 11(b)'s proscription on frivolous pleadings, and so they ask the Court to dismiss Plaintiff's claims with prejudice and "find the Plaintiff to be a vexatious litigant" against whom "Defendants are entitled to protection from further litigation" without prior Court approval. (Mot. to Dismiss at 9-10, Docket No. 24). As support for this extraordinary request, they claim that Plaintiff has filed litigation, motions, and initiated custody proceedings on more than 30 prior occasions without citations to case numbers or further explanations about why those proceedings were improper or brought in bad faith. I decline the request, as it would unfairly deny the Plaintiff access to justice and Defendants have evinced no support to show that it is necessary. Because they have not invoked R. 11(c), I do not construe their argument as a motion for sanctions.

On a closing note, Plaintiff has requested declaratory relief that is beyond the authority of this Court to provide, including that I vacate state child support and custody orders imposed by the New Hampshire Family Court pertaining to Plaintiff's son. If Plaintiff believes that Defendants are not complying with the family court's visitation orders, she should seek redress with the state of New Hampshire, not the federal courts.

## Conclusion

For the reasons stated above, the Court ***grants*** Defendants' motion to dismiss. (Docket No. 24).

**SO ORDERED.**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
